CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Sarah Kahn (Cal. Bar No. 341901)
256 South Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 309
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
sarah@centerforhumanrights.org
*Attorneys for Plaintiffs. (Additional counsel listed next page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA LIBRE/FREEDOM HOUSE; ET AL., <br><br> Plaintiffs, <br> v. <br><br> ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ET AL., <br><br> Defendants. | Case No. 2:22-cv-01510-ODW-JPR <br><br> **REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION** <br><br> HEARING DATE/TIME: APRIL 3, 2023 1:30 PM <br> JUDGE: THE HON. OTIS D. WRIGHT II |

*Additional Counsel for Plaintiffs:*

CAMILA ALVAREZ (Cal. Bar No. 305813)
RUTH N. CALVILLO (Cal. Bar No. 312129)
LILIT MELKONYAN (Cal. Bar No. 319834)
Central American Resource Center (CARECEN-LA)
2845 W 7th Street
Los Angeles, CA 9005
Telephone: (213) 385-7800, extension 161
Email: CAlvarez@carecen-la.org
      RCalvillo@carecen-la.org
      LMelkonyan@carecen-la.org

STEPHANY ARZAGA (Cal. Bar No. 314925)
CYNTHIA HENNING (Cal. Bar No. 295709)
Legal Services for Children
1254 Market St–3rd Floor
San Francisco, CA 94102
Telephone: (415) 863-3762
Email: stephany@lsc-sf.org
      cynthia@lsc-sf.org

CARL BERGQUIST (DC BAR # 1720816)
MARITZA AGUNDEZ (Cal. Bar No. 322158)
Coalition for Humane Immigrant Rights (CHIRLA)
2533 West Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 201-3781
Email: magundez@chirla.org

STEPHEN ROSENBAUM (Cal. Bar No. 98634)
MARCOS PACHECO (Cal. Bar No. 341355)
La Raza Centro Legal, Inc.
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu
Email: marcos@lrcl.org

ii
Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Additional Counsel for Plaintiffs:*

ALEX HOLGUIN (Cal. Bar No. 271861)
Dream Act Lawyers
714 W Olympic Blvd, #450
Los Angeles, CA 90015
Telephone: (213) 765-6084
Email: aholguin@dalimmigration.com
(Appearing for Plaintiff El Rescate)

SILVIA AGUIRRE (Cal. Bar No. 254150)
The Aguirre Law Firm, APC
3521 Whittier Blvd
Los Angeles, CA 90023-1709
Telephone: (213) 386-4649
Email: silvia@getjustice.us
(Appearing for Plaintiff El Rescate)

CRISTEL MARTINEZ (Cal. Bar No. 323658)
Law Offices of Martinez, Nguyen & Magana
13200 Crossroads Pkwy. N., Suite 115
Industry, CA 91746
Telephone: (213) 246-2197
Email: abogada@cristelmartinez.com

JIM TOM HAYNES (DC Bar # 340422)
Haynes Novick Immigration
2001 S Street NW, Suite 550
Washington, DC 20009
Phone: 202-350-3933 direct
Email jimtom@dcimmigrationattorney.com

GENEVIEVE AUGUSTIN (MD BAR # 20079)
Central American Resource Center (CARECEN-DC)
1460 Columbia Road NW, Suite C-1
Washington, DC 20009
Telephone: (202) 328-9799
Email: Genevieve.Augustin@carecendc.org

iii

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

# TABLE OF CONTENTS

I . INTRODUCTION ................................................................................ 1

**II. CLASS CERTIFICATION DOES NOT FAIL EVEN IF PROPOSED CLASS REPRESENTATIVES' INDIVIDUAL CLAIMS ARE MOOT** .......... 2

**III. PLAINTIFFS ARE ADEQUATE CLASS REPRESENTATIVES** ............. 4

**IV. COMMONALITY IS SATISFIED BECAUSE 180-DAY DELAY CLAIMS DO NOT REQUIRE A FACT-SPECIFIC ANALYSIS** .................... 5

**V. RELIEF UNDER RULE 23(B)(2) WILL NOT HARM CLASS MEMBERS** ............................................................................................. 8

**VI. RELIEF UNDER RULE 23(B)(3) IS APPROPRIATE** ............................ 10

/ / /

Reply to Defs Opp to Motion for Class Cert.

iv

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

# TABLE OF AUTHORITIES

**Cases**

*Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020) ................................................... 2, 3

*Castillo v. Bank of Am.*, 980 F.3d 723 (9th Cir. 2020) ......................................... 10

*Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991) ........................................... 2

*CRVQ v. United States Citizenship & Immigr. Servs.*, No. CV198566CBMAGRX,
   2020 WL 8994098 (C.D. Cal. Sept. 24, 2020) ................................................. 6, 7

*Ellis v. Costco*, 657 F.3d 970 (9th Cir. 2011) .......................................................... 4

*Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022) ...................................................... 9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................... 4, 5

*Hernandez v. Cty. of Monterey*, 70 F. Supp. 3d 963 (N.D. Cal. 2014) ................... 3

*Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011 (9th Cir. 2010) ....... 3

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ................... 4

*Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*,
   325 F.R.D. 671, 684 (W.D. Wash. 2016) ............................................................ 4

*Sosna v. Iowa*, 419 U.S. 393 (1975) ......................................................................... 3

*Telecommunications Research & Action v. F.C.C.*, 750 F.2d 70 (D.C.Cir.1984) 6, 7

*Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) ............................ 11

*Wade v. Kirkland*, 118 F.3d 667 (9th Cir. 1997) ..................................................... 3

*Wal-Mart Stores v. Dukes*, 564 U.S. 338 (2011) ............................................ 6, 8, 11

*Zinser Accufix Research Institute,* 253 F.3d 1180 (9th Cir. 2001) ........................ 10

**Statutes**

8 U.S.C §1232(d)(2) .......................................................................... *passim*

v

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

**Regulations**

C.F.R. § 204.11(g) ......................................................................................... 9

/ / /

Reply to Defs Opp to Motion for Class Cert.

## I. Introduction

Plaintiffs' proposed class satisfies the requirements of Rule 23 because the class members' statutory claim is not based on the individual times it took Defendants to adjudicate each of their petition based on peculiarities in their applications but on the legality of Defendants' failure to adhere to a statutory deadline. Memorandum in support of Plaintiff's Renewed Motion for Class Certification ("Memorandum") [Dkt #58]. While the Opposition to Plaintiff's Motion for Class Certification ("Opp") [Dkt. #63] *repeatedly* returns to the refrain that each SIJ petition is highly "individualized" and requires unique consideration which could impact how long it takes to adjudicate, this is not the issue Plaintiffs bring to this Court. Rather, Plaintiffs claim is about Defendants' failure to comply with 8 U.S.C. §1232(d)(2)'s 180-day timeline, regardless of individual facts involved in filed cases.

Nowhere have Defendants provided evidence that SIJ petitions are so "individualized" that it significantly impacted the time needed for adjudication of *any* of the Plaintiffs or proposed class representatives' petitions. 98% of SIJ petitions are approved (Opp. Ex. A ¶ 12) because *almost all eligibility requirements have already been determined by a state court* which is statutorily mandated to investigate each case and issue the predicate orders required to file a SIJ petition. *See* Declaration of Peter Schey in Support of Renewed Motion for Class Certification ("Schey Dec. II") ¶10-11. In any event, it's irrelevant to Plaintiffs' claim, which focuses not on the reasonableness of delays in individual cases, but on a failure in all of Plaintiffs' cases to comply with a statutory deadline.

A Rule 23(b)(2) and/or (3) class is proper because individual questions do not predominate over questions concerning the class and the proposed class representatives and counsel will vigorously represent all absent class members. If

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Plaintiffs prevail, Defendants cannot now speculate--as they repeatedly do--that class certification is improper because this Court *may* later issue some form of relief that may harm some class members. Plaintiffs will seek final injunctive or declaratory relief that will benefit *all* class members.

**II. Class Certification Does Not Fail Even If Proposed Class Representatives' Individual Claims are Moot.**

Defendants misleadingly quote *Kuahulu v. Emps. Ins. of Wausau*, 557 F.2d 1334 (9th Cir. 1977) to make the point that "[n]amed plaintiffs with mooted claims may still represent a class… *only if they were 'member[s] of the class at the time the class was certified.*" Opp. at 7 (emphasis added). They ignore the full text of the decision: "[o]ur holding is very narrow [because] … the application of the mootness doctrine, to a large extent, depends on the idiosyncrasies of each case in which it is applied." *Kuahulu,* 557 F.2d at 1337. Thus, "our decision does not require an automatic dismissal in every case where the district court has failed to certify the class before the representative's claim has become moot." *Id.*

Defendants concede there is an "exception to this rule … if a plaintiff's claims are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" Opp. at 7, *quoting Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991). "[A] claim is inherently transitory when (1) 'the duration of the challenged action is "too short" to allow full litigation before it ceases,' and (2) plaintiff will suffer repeated harm, or 'it is certain that other persons similarly situated will have the same complaint.'" Opp. at 7, *quoting Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020) (citations omitted).

Plaintiffs meet both elements of the exception. Regarding the "duration" of the challenged action, Defendants' state that "the average processing time for SIJ petitions is 6.8 months, or about 204 days." Opp. at 5. Class members could not

2
Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

file a lawsuit and obtain class certification in the 24 days Defendants say they are on "average" delaying adjudications. It takes months from the time defendants exceed the 180-day deadline, through the preparation, filing, and serving of a complaint, and addressing possible motions to dismiss for a court to finally address and resolve class certification.

The cases Defendants cite support certification in this case. For example, in *Belgau*, "[t]he challenged action—continued payroll deduction of union dues after an employee objects to union membership—is capped *at a period of one year, which is too short for the judicial review to 'run its course.'*" *Belgau,* 975 F.3d at 949 (emphasis added), *citing Johnson v. Rancho Santiago Cmty. Coll. Dist.,* 623 F.3d 1011, 1019 (9th Cir. 2010) (even three years is "too short"). If one year is considered "transitory" by this Circuit, then the few weeks or months in this case is certainly transitory. Proposed class representative Montes' I-360 SIJ petition was adjudicated a little over 3 months after the statute's required 180 days. Declaration of Peter Schey in Support of Plaintiffs' Motion for Class Certification ("Schey Dec. I") at ¶12, Ex. G. [Dkt. 58-1]. Proposed class representative Arevalo's I-360 SIJ petition was adjudicated just shy of 6 months after the statute's required 180 days. *Id*. ¶8, Ex. C.

Simply put, "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them *before the district court can reasonably be expected to rule on a certification motion.*" *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975) (emphasis added). Inherently transitory claims "relate to [the plaintiff's] standing *at the outset of the case* in order 'to preserve the merits of the case for judicial resolution.'" *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) (emphasis added); *see also Hernandez v. Cty. of Monterey*, 70 F. Supp. 3d 963, 971-72 (N.D. Cal. 2014) (same).

"Until the court issues a final determination on the merits of class certification, the remaining individual plaintiffs constitute putative class representatives whose claims are inherently transitory and relate back to the filing of the amended complaint." *Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*, 325 F.R.D. 671, 684 (W.D. Wash. 2016).

At the time of the filing of the Complaint (Dkt. #1), the First Amended Complaint (Dkt. #34), and the Motion for Class Certification (Dkt. #37), Plaintiffs Arevalo and Montes had standing as their SIJ petitions had been pending for more than 180 days. [Dkt. 58-1 Exs. C and G; *see also* Exs. D-F, H-K]. Under all of the authorities discussed in the Opposition and above, including a line of Supreme Court and Ninth Circuit decisions, Plaintiffs Arevalo and Montes have standing to serve as class representatives.

### III. Plaintiffs Are Adequate Class Representatives

Next, Defendants argue that "[e]ven if Plaintiffs could demonstrate that the inherently-transitory exception applies, Plaintiffs still cannot demonstrate they will "'fairly and adequately protect the interests' of other members of the class." Opp. at 8 *quoting* Fed. R. Civ. P. 23(a)(4).

In determining whether proposed class representatives will adequately represent the class, courts resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), (overruled on other grounds), *citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Defendants agree that "[a]dequate representation requires an absence of antagonism between representatives and absentees" (Opp.at 8-9), and "'a sharing of interest between representatives and absentees.'" *Id.* at 9, *quoting Ellis v. Costco*, 657 F.3d 970, 985 (9th Cir. 2011) (citations omitted).

Reply to Defs Opp to Motion for Class Cert.

Defendants argue that Plaintiffs have not provided evidence, aside from lead counsel's declaration, that the proposed class representatives remain "committed" to serve as class representatives or will vigorously prosecute the claims now that USCIS has adjudicated their SIJ petitions. Opp. at 9.

Plaintiffs' proposed class counsel's declaration provided ample evidence regarding the adequacy of representation, evidence Defendants have not challenged. Schey Dec. I ¶ 22 [Dkt. 58-1]. The *Hanlon* Court's criteria could easily fit the proposed class counsel in this case: "[class counsel had] experience prosecuting dozens of high profile class action cases ... If these attorneys are not equal to the task of prosecuting this case, it is not clear to us who would be. The objectors presented no evidence, and we could find none in the record, to indicate any deficiencies or conflicts of interest on the part of class counsel." *Hanlon,* 150 F.3d at 1021; *see* Schey Dec. I ¶ 22 and Ex. L. [Dkt. #58-1]. Proposed class representatives Montes and Arevelo have executed declarations providing the evidence Defendants believed was missing regarding their willingness to serve as class representatives despite the equitable relief portion of their individual claims being moot. *See* Declarations of Proposed Class Representatives Carlos Abel Hernandez Arevalo and Rene Isai Serrano Montes in Support of Plaintiffs' Renewed Motion for Class Certification, Exhibits 2-3 filed herewith. Their declarations show they wish to continue to serve as plaintiffs to help their proposed class members, they have no conflicts of interest with other class members, and they will cooperate with proposed class counsel to prosecute this action vigorously on behalf of the class, including appearing in court as required. *Id*.

**IV. Commonality is Satisfied Because 180-Day Delay Claims Do Not Require a Fact-Specific Analysis.**

Defendants argue that "[t]he proposed class … cannot satisfy the Rule 23(a)(2) commonality requirement because *unreasonable-delay* claims require a fact-specific analysis that will turn on the unique circumstances surrounding each class member's SIJ petition." Opp. at 10 (emphasis added). "[W]hat might be unreasonable delay by USCIS for one class member will not necessarily establish unreasonable delay as to [another] class member[ ]." *Id*.

The obvious response to Defendants' position is that this case does *not* involve a claim about "unreasonable delay by USCIS for one class member" that may not "necessarily [be] unreasonable delay as to [other] class members." This case is about a group of similarly situated SIJ petitioners whose petitions have *all* not been adjudicated within 180 days.

In support of going down this rabbit hole, Defendants cite *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011), and *CRVQ v. United States Citizenship & Immigr. Servs.*, No. CV198566CBMAGRX, 2020 WL 8994098, at *6 (C.D. Cal. Sept. 24, 2020) (*citing Telecommunications Research & Action v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("TRAC")).

In *Wal-Mart*, the Court held that the plaintiffs failed to demonstrate commonality when challenging a practice of discrimination based on sex. The Court noted that the "crux" of their claim was in the individual "reason" for each employment decision. *Wal-Mart*, 564 U.S. at 352. The Court found that women allegedly experienced discrimination at the hands of "unrelated" regional managers. *Id*. at 355, 358. Plaintiffs also did not identify an illegal Wal-Mart policy of discrimination. *Id* at 354-355. In this case, there is a statute at issue that requires that SIJ petitions be adjudicated in 180 days, and there is *unrefuted* evidence that for *all* Plaintiffs and class members, Defendants have not complied with that statute. Defendants rely on a "general policy" (their regulations) to

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

justify their circumvention of the statute. *See* Motion to Dismiss First Amended Complaint [Dkt. #41 at 3-4].

*CRVQ* is equally unhelpful to Defendants. As the *CRVQ* decision makes clear, in that case "[n]o statute or regulation provides a specific timeframe within which USCIS is required to process U visa petitions ...." *CRVQ,* 2020 U.S. Dist. LEXIS 252515 at 20. Therefore, resolution of any purported delays in *CRVQ* were resolved under the multi-factor *TRAC* analysis. *Id*. In the instant case, Plaintiffs are not arguing that by adjudicating individual SIJ petitions in certain time periods Defendants are "unreasonably" delaying the adjudication of petitions. Plaintiffs instead allege that Defendants violate 8 U.S.C. §1232(d)(2)'s 180-day adjudication timeline.

This Court is not required to assess a "rule of reason" about various individual delays because *Congress has already set how long it should take.* "[W]here Congress has provided a timetable … [for] the speed with which it expects the agency to proceed …, that statutory scheme may supply content for this rule of reason." *TRAC*, 750 F.2d at 80 (citations omitted). In this case, Congress has supplied the "content" for this rule of reason: 180 days.

Defendants provide only one example of why they claim Plaintiffs' and class members' cases are so individualized that certification is improper. Opp. at 12. Defendants discuss the claim of Plaintiff Axel Mayorga Aguilera. *Id; See* Schey Dec. I ¶ 11 and Ex. F [Dkt. # 58-1]. *Defendants point to no aspect of Plaintiff Aguilera's case that caused them to not adjudicate it in 180 days*. Defendants waited about three months before sending him a form letter requesting that he submit an English translation of his birth certificate. Schey Dec. II ¶ 20-25. The petition actually could have been approved without issuing an RFE. *Id*. However, even if issuing an RFE was appropriate, Defendants offer no explanation why they waited several months to issue a form letter requesting an English translation of

7
Reply to Defs Opp to Motion for Class Cert.
7
Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

his birth certificate nor have they explained why once the translation was provided why his Petition could not have been decided in 180 days. His name and birthdate were clearly visible in his Spanish birth certificate, and to compare that date with the one on the English translation could have been accomplished in seconds. Nor have Defendants provided any evidence that it was unusual for them to issue the request for a translation of a birth certificate.

At bottom, Defendants' winding set of arguments about the TRAC factors (Opp. 12-16), are irrelevant to this case, or, if relevant, will be addressed later when the Court decides if Defendants' non-compliance with 8 U.S.C. § 1232(d)(2) is lawful. Defendants' discussions about "surges," "COVID-19," lack of resources, etc., *are all matters Congress could have easily addressed if it wished to create exceptions to the 180-day rule*. But these are matters Defendants can argue when judgment or the scope of relief are being assessed. At this stage, the law requires common facts or legal claims. The common fact for each Plaintiff and proposed class member is their petitions were not adjudicated in 180 days. The common legal question is whether this delay violates 8 U.S.C. § 1232(d)(2).

**V. Relief Under Rule 23(b)(2) Will Not Harm Class Members.**

Defendants next argue that "[b]ecause many class members [allegedly] benefit from USCIS's tolling regulation [i.e. not complying with the 180-day statute], a single declaratory judgment requiring strict compliance with 8 U.S.C. § 1232(d)(2) would harm some class members." Opp. at 16.

Defendants again cite *Wal-Mart*, 564 U.S. at 360, in support of their position. Opp. at 16. In that case the Court made clear that class certification under Rule 23(b)(2) applies only "when a single injunction or declaratory judgment would provide relief to each member of the class." *Id*. When plaintiffs seek relief that would entitle each class member "to a *different* injunction or declaratory judgment against the defendant," class certification under Rule 23(b)(2) fails. *Id*.

8

Reply to Defs Opp to Motion for Class Cert.

(emphasis in original). As Defendants obviously know, Plaintiffs have *never* indicated they will seek "different" injunctive relief or declaratory judgment for different class members.

Defendants argue that Plaintiffs "appear" to seek an Order enjoining enforcement of their "tolling" regulation, C.F.R. § 204.11(g) (Opp. at 16), and "if the Court were to "enjoin[ ] enforcement of C.F.R. § 204.11(g)," USCIS will be "unable to use RFEs [Requests for Evidence] to cure deficiencies in many cases, thereby depriving some SIJ petitioners of the opportunity to supplement their cases and receive an approval." Opp. at 16. The present motion cannot be decided based on Defendants' speculation about what the Court may or may not include in a future remedial Order. There is no way of showing with evidence that "granting Plaintiffs class-wide injunctive relief would very likely cause a much higher denial rate," or any other harm to class members. Opp. at 18.

The same holds true for Defendants arguments about their operational hardships. In *Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022), this Circuit addressed Defendants' argument that "the district court …'fail[ed] to consider USCIS's evidence of operational hardship'" when adjudicating SIJ petitions. *Id*. at 831-32. The Court held that the district court "did not abuse its discretion in determining that the balance of hardships tipped in favor of Plaintiffs … The district court noted … that Defendants 'offer[ed] no evidence suggesting that SIJ petitions are factually or legally complex or otherwise require more than 180 days to review, investigate, and adjudicate.' Indeed, Defendants had previously presented evidence that it takes an average of only 'four hours for an SIJ ISO to adjudicate an SIJ petition . . .'" *Id.* (citation omitted). Moreover, once preliminarily enjoined to do so, Defendants did in fact "timely adjudicated [SIJ] petitions" filed by petitioners in the State of Washington. *Galvez*, 52 F.4th at 832. Defendants have previously asserted that SIJ petitions made up "less than one

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

percent" of all petitions received, "which suggests that USCIS could allocate more [adjudicators] to carry out Congress's direction that the agency 'expeditious[ly]'" adjudicate SIJ petitions. *Id*. at 835.

**VI. Relief Under Rule 23(b)(3) Is Appropriate.**

Finally, Defendants argue that this Court should deny class certification under Rule 23(b)(3) for the same reasons that Plaintiffs allegedly fail to satisfy the requirements in Rule 23(a)(2) and (b)(2). Opp. at 20-21, *citing Zinser Accufix Research Institute,* 253 F.3d 1180, 1189 (9th Cir. 2001) (when "separate adjudication of each class member's individual claim" will resolve the main issues of the case, Rule 23(b)(3) certification is inappropriate) (citation omitted). *Zinser* was a purported nationwide class products liability action involving pacemakers containing an allegedly defective component. *Zinser*, 253 F.3d at 1184. Because of the procedural complexity "of trying a class action *under the [separate] laws of multiple [state] jurisdictions*, the district court refused to certify the class pursuant to Rule 23(b)(3)." *Id*. at 1186 (emphasis added). The Court noted "the laws of negligence, products liability, and medical monitoring all differ in some respects from state to state," *Id*. at 1188, making certification highly impractical. *Id*. *Zinser* provides no support for Defendants. This case is not a products liability case and does not arise under the laws of multiple state jurisdictions. This is also not a case in which factual and legal issues "vary dramatically" from individual to individual. All plaintiffs have one claim: Defendants failed to adjudicate their SIJ petitions within 180 days of filing.

Rule 23(b)(3) requires (1) that questions common to the class predominate over questions affecting individual class members, and (2) that class treatment would be superior to individual actions. *See Castillo v. Bank of Am.*, 980 F.3d 723, 729 (9th Cir. 2020). To ensure that common questions predominate over individual ones, the court must "ensure that the class is not defined so broadly as

10
Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct." *Id.* at 730, *quoting Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016) (citation omitted). Here, the class *by definition excludes* any SIJ applicants who were not or will not be harmed by the Defendants' allegedly unlawful conduct because their petitions *were* in fact adjudicated in less than 180 days.

Plaintiffs have demonstrated that the proposed class will generate common answers to common questions that are "apt to drive the resolution of the litigation," *Wal-Mart*, 564 U.S. at 350. Questions common to the class obviously predominate over questions affecting individual class members, and class treatment would be superior to hundreds or thousands of individual actions filed by largely young and indigent SIJ Petitioners located throughout the country.

## V. Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion for class certification.

Dated: March 20, 2023

Respectfully submitted,

*/s/ Peter A. Schey*
Peter A. Schey
*Attorneys for Plaintiffs*

PETER A. SCHEY
SARAH KAHN
Center for Human Rights &
Constitutional Law

CAMILA ALVAREZ
RUTH N. CALVILLO
LILIT MELKONYAN
CARECEN-LA (Central American Resource Center)

11
Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

MARITZA AGUNDEZ
Coalition for Humane Immigrant Rights (CHIRLA)

STEPHANY ARZAGA
CYNTHIA HENNING
CLAUDIA QUINTANA
Legal Service for Children

STEPHEN ROSENBAUM
MARCOS PACHECO
La Raza Centro Legal, Inc.

ALEX HOLGUIN
Dream Act Lawyers

SILVIA AGUIRRE
The Aguirre Law Firm, APC

CRISTEL MARTINEZ
Law Offices of Martinez, Nguyen & Magana

JIM TOM HAYNES
Haynes Novick Immigration

GENEVIEVE AUGUSTIN
CARECEN-DC (Central American Resource Center)

Certification of word count: The undersigned, counsel of record for Plaintiffs certifies that this brief contains 3,284 words, which complies with the word limit of the rules of this Court.

March 20, 2023
/s/Peter Schey
Counsel for Plaintiffs
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW

/ / /

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I served the foregoing

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

        */s/Peter Schey*
        *Counsel for Plaintiffs*
        CENTER FOR HUMAN RIGHTS &
        CONSTITUTIONAL LAW
        Peter A. Schey

14

Reply to Defs Opp to Motion for Class Cert.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693