O

# United States District Court
# Central District of California

| | |
|---|---|
| CASA LIBRE/FREEDOM HOUSE et al., | Case № 2:22-cv-01510-ODW (JPRx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION [58]** |
| ALEJANDRO MAYORKAS et al., | |
| Defendants. | |

## I.   INTRODUCTION

This is a putative class action challenging how the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") handle and process Special Immigrant Juvenile ("SIJ") petitions.   The Plaintiffs are six individuals who submitted petitions for SIJ status and six organizations who provide legal and other assistance to such individuals.   The Defendants are Alejandro Mayorkas, Secretary of DHS; Ur M. Jaddou, Director of USCIS; and USCIS itself.   Plaintiffs now move to certify a class of SIJ petitioners. (Mot. Certify Class ("Motion" or "Mot."), ECF No. 58.)   For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.

## II.    BACKGROUND

**A.    The SIJ Petition Process**

In 1990, Congress created the SIJ classification to aid noncitizen children physically present in the United States who were declared dependent on state courts and were eligible for long-term foster care.   Immigration Act of 1990, Pub. L. No. 101–649, § 153, 104 Stat. 4978 (1990).   The purpose of the SIJ classification is to help alleviate "hardships experienced by some dependents of United States juvenile courts by providing qualified aliens with the opportunity to apply for special immigrant classification and lawful permanent resident status, with possibility of becoming citizens of the United States in the future."   58 Fed. Reg. 42843-01, 42844, 1993 WL 304167 (Aug. 12, 1993).

In 1998, Congress revised the SIJ definition to include juveniles eligible for long-term foster care "due to abuse, neglect, or abandonment."   Dep'ts of Commerce, Justice, & State, the Judiciary, & Related Agencies Appropriations Act of 1998, H.R. 2267, Pub. L. 105–119, 105th Cong., at 22 (Nov. 26, 1997).   More recently, in 2008, Congress passed the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").   Pub. L. No. 110–457, § 235(d), 112 Stat. 5044 (2008).   The TVPRA replaced the foster care requirement with more expansive language permitting young immigrants to apply for SIJ status based on a state court's finding that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law."   TVPRA § 235(d)(1)(A); Immigration & Nationality Act ("INA") § 101(a)(27)(J)(i), 8 U.S.C. § 1101(a)(27)(J)(i); *see J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1055 (N.D. Cal. 2018). The TVPRA also amended the SIJ statute to require USCIS to adjudicate SIJ petitions within 180 days of filing.   TVPRA § 235, 8 U.S.C. § 1232(d)(2).   This provision governing timing is the key statutory provision at issue in this matter.

SIJ status is available if (1) the juvenile immigrant has been declared dependent on a juvenile court or legally committed to the custody of an individual or entity;

(2) reunification with one or both of the juvenile immigrant's parents is not viable due to abuse, neglect, or abandonment; (3) it has been determined in administrative or judicial proceedings that it would not be in the juvenile immigrant's best interest to be returned to the juvenile immigrant's or parent's previous country of nationality or country of last habitual residence; and (4) the Secretary of Homeland Security consents to the grant of special immigrant juvenile status. *See* 8 U.S.C. § 1101(a)(27)(J). The petitioner must be under the age of twenty-one at the time they file their SIJ petition. 8 C.F.R. § 204.11(b)(1).

SIJ status provides a pathway to lawful permanent residency: once a juvenile immigrant's SIJ petition is approved, the juvenile immigrant may then apply to adjust their status to lawful permanent resident. 8 U.S.C. § 1255(a), (h).

**B.    The Proposed Class Representatives**

Plaintiffs propose that two individual Plaintiffs serve as class representatives. The first is Carlos Abel Hernandez Arevalo. Arevalo filed his SIJ petition on December 8, 2021, and was twenty years old when this case was filed. (Compl. ¶¶ 61, 65, ECF No. 1; First Am. Compl. ("FAC") ¶¶ 64, 68, ECF No. 34.) His petition remained pending when Plaintiffs filed their First Amended Complaint (April 22, 2022) and their initial, now-mooted class certification motion (April 25, 2022). Arevalo's petition was approved on December 3, 2022, almost a year after he originally filed it. (Decl. Peter Schey ISO Mot. ("Schey Decl.") ¶ 8 Ex. C ("Arevalo Notice of Action"), ECF No. 58-1.)[1]

The second proposed class representative is Rene Isai Serrano Montes. Montes filed his SIJ petition on August 30, 2021, and was twenty-one years old when this case was filed. (Compl. ¶¶ 68, 70; FAC ¶¶ 71, 73.) His petition also remained pending when Plaintiffs filed their First Amended Complaint and their initial class certification motion. Montes's SIJ petition was approved on June 2, 2022, about eleven months after he originally filed it. (Schey Decl. ¶ 12, Ex. G ("Montes Notice of Action").)

---

[1] All exhibits to the Schey Declaration are found at ECF No. 58-1.

**C.     Tolling Provisions**

As part of the TVPRA, Congress amended the SIJ provision by adding an adjudication deadline mandating that "all applications for [SIJ classification] shall be adjudicated by the Secretary of Homeland Security not later than 180 days after the date on which the application is filed."  8 U.S.C. § 1232(d)(2).  In response to this legislative change, USCIS issued a notice of proposed rulemaking which included its interpretation of this 180-day rule.  76 Fed. Reg. 54978, 54983 (Sept. 6, 2011).

On March 7, 2022, USCIS announced that it would publish a final SIJ rule establishing its interpretation of the 180-day statutory timeframe for adjudication of SIJ petitions.  USCIS Policy Alert (March 7, 2022) ("Policy Alert").[2]   According to the final rule, USCIS follows two procedures with respect to the 180-day timeframe:

- When an SIJ petition lacks required <u>initial</u> evidence, USCIS may issue the petitioner a Request for Further Evidence ("RFE") informing the petitioner what evidence was required and providing a deadline for submitting the additional evidence.  *See* 8 C.F.R. § 103.2(b)(8)(ii).  The 180-day time period starts over on the date USCIS receives the required initial evidence.  *Id.* § 103.2(b)(10)(i).

- If USCIS requests that the SIJ petitioner submit <u>additional</u> evidence, USCIS may send the petitioner a RFE or a Notice of Intent to Deny ("NOID").  *See* 8 C.F.R. § 103.2(b)(8)(iii).  The 180-day limitation is suspended as of the date the RFE or NOID is issued and resumes when USCIS receives the requested additional evidence.  *Id.* § 103.2(b)(10)(i).

Herein, the Court refers to these rules as the "Tolling Provisions."  USCIS published the Tolling Provisions on March 8, 2022.  SIJ Petitions, 87 Fed. Reg. 13066-01, 13112, 2022 WL 671891 (Mar. 8, 2022).

---

[2]  Online at https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220307-SIJAndDeferredAction.pdf (accessed May 25, 2023).

To clarify, USCIS is not statutorily required to issue a RFE or a NOID.  Instead, when a SIJ petition is deficient, USCIS retains the discretion to choose, in each individual case, whether to (1) issue a RFE or a NOID, or (2) deny the petition altogether.  8 C.F.R. §§ 103.2(b)(8)(ii), (iii).

**D.  Procedural History**

On March 7, 2022, the same day USCIS announced the final version of the Tolling Provisions, Plaintiffs filed their initial Complaint in this matter, setting forth two claims.  (Compl., ECF No. 1.)  Plaintiffs' first claim is an equal protection claim. (*Id.* ¶¶ 102–03.)  Plaintiffs' second claim is for violation of the 180-day adjudication timeframe under 8 U.S.C. § 1232(d)(2), brought by way of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.  (*Id.* ¶¶ 104–06.)  On April 22, 2022, Plaintiffs filed the operative First Amended Complaint, setting forth the same two claims and amending the second claim in light of the newly announced Tolling Provisions.  (*See* FAC.)

Plaintiffs made two early attempts to certify a class in this matter.  (First Mot. Certify Class, ECF No. 35; Second Mot. Certify Class, ECF No. 37.)  The Court struck the first motion for failure to meet and confer pursuant to Central District of California Local Rule 7-3, and the Court denied the second motion without prejudice pursuant to the parties' stipulation to stay the class certification issue pending the Court's disposition of any motions to dismiss.  (Min. Order Strike, ECF No. 36; Min. Order Class Certification & Mot. Dismiss, ECF No. 40.)

Defendants subsequently moved to dismiss both claims.  (Mot. Dismiss FAC, ECF No. 41.)  The Court dismissed the equal protection claim in its entirety, leaving only the second claim at issue.  (Order Mot. Dismiss FAC, ECF No. 48.)

Plaintiffs' second claim is styled as a claim for "routine[] violat[ions]" of 8 U.S.C. § 1232(d)(2).  (FAC at 29.)  The claim comprises two distinct subparts, and each subpart has its own distinct basis.  First, Plaintiffs challenge "Defendants' policy and practice of routinely delaying the adjudication of SIJ petitions for longer than 180

days." (FAC ¶ 109.) The Court refers to this subpart of the claim as "the missed deadline claim." Second, Plaintiffs challenge the Tolling Provisions themselves. (*Id.*) The Court refers to this subpart of the claim as "the Tolling Provisions claim."

On February 16, 2023, Plaintiffs again moved for class certification, and the Motion is fully briefed. (Mot.; Opp'n, ECF No. 63; Reply, ECF No. 65.) On May 22, 2023, the Court held a hearing on the Motion, with Peter Schey of the Center for Human Rights and Constitutional Law appearing for Plaintiffs and Alexa White of the U.S. Department of Justice appearing for Defendants. (Hr'g Mins., ECF No. 89.)

**E.   *Galvez*; Settlement Conference**

This case is related to a case in the Western District of Washington, *Galvez v. Cissna*, No. 2:19-cv-00321-RSL (W.D. Wash. filed Mar. 5, 2019). The plaintiffs in *Galvez* are SIJ petitioners in the State of Washington who challenged certain USCIS practices, including the Tolling Provisions. The district court in *Galvez* held that USCIS's delays were unlawful and issued a permanent injunction to stop the delays. Order Permanent Inj., *Galvez v. Cissna*, ECF No. 76. In particular, the district court imposed a strict 180-day deadline on USCIS and a provision allowing Washington-based SIJ petitioners—but not USCIS—to toll the statutory deadline. *Id.* at 19–20. Then, the Ninth Circuit, in *Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022), affirmed the permanent injunction, with one exception. It found the district court abused its discretion in issuing the part of the injunction allowing SIJ petitioners but not USCIS to toll the statutory deadline. 52 F.4th at 838. It remanded the case and instructed the district court "to make any further, proper modifications to its order consistent with its disposition." *Id.* at 839. The Ninth Circuit concluded its opinion by "encourag[ing] the parties on remand to present the district court with more practical terms for an injunction that considers Congress's plain directive and the parties' respective interests." *Id.*

On April 21, 2023, the parties from both this case and *Galvez* met with a magistrate judge in the Central District of California for a global settlement

conference.    (Mins. Settlement Conference, ECF No. 77.)    As Plaintiffs' counsel indicated at the May 22, 2023 hearing, although the matter did not fully settle, the settlement conference was productive, and settlement talks remain ongoing.

### III.    LEGAL STANDARD

Class certification is appropriate only if the parties demonstrate each of the four requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and at least one of the requirements of Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14, 621 (1997).  Under Rule 23(a), a class action is certifiable only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); *see, e.g.*, *Allen v. Verizon Cal., Inc.*, No. 8:08-cv-0774-DOC (MLGx), 2010 WL 11583099, at *2–4 (C.D. Cal. Aug. 12, 2010) (considering the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)).

As for Rule 23(b), Plaintiffs seek certification under two of Rule 23(b)'s subparts.  First, they seek certification under Rule 23(b)(2), which applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  They also seek certification under Rule 23(b)(3), which applies where:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "[a] party seeking class certification must affirmatively demonstrate . . . compliance with the Rule," *id.*, by a preponderance of the evidence, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). When faced with conflicting or insufficient evidence on the issue of class certification, courts must "judge the persuasiveness and not merely the admissibility of evidence bearing on class certification." *Henson v. Fid. Nat'l Fin. Inc.*, 300 F.R.D. 413, 417 (C.D. Cal. 2014) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). This "may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351).

"[A] court's class-certification analysis must be 'rigorous' . . . .'" *Id.* at 465. This is true of analysis under Rules 23(a) and 23(b) alike. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen*, 568 U.S. at 466. If the court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class within the framework of Rule 23. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

## IV.   EVIDENTIARY OBJECTIONS AND RELATED MATTERS

In response to Plaintiffs' Reply brief, Defendants raise two evidentiary objections. (Objs., ECF No. 78.) First, Defendants object to the Reply Declarations of Arevalo and Montes. (*Id.* at 1–3.) In the Opposition brief, Defendants challenged

the adequacy of Arevalo and Montes as class representatives by pointing out that their SIJ petitions have been granted and their claims mooted and suggesting that, as a result, they would not remain sufficiently committed to the litigation to serve as adequate class representatives.  (Opp'n 8–9.)  In reply, Plaintiffs filed declarations by Arevalo and Montes purporting to demonstrate their commitment to the litigation (together, "Reply Declarations").  (Decl. Carlos Arevelo ISO Reply ("Arevalo Decl."), ECF No. 65-2; Decl. Rene Montes ISO Reply ("Montes Decl."), ECF No. 65-3.)  Defendants now object to the Reply Declarations on the grounds that Plaintiffs could have included the declarations with the Motion, but did not, depriving Defendants of an opportunity to respond.  (Objs. 1–3.)

The Court **OVERRULES** this objection.  Defendants seek exclusion of the Reply Declarations on procedural grounds, but they do not state what argument they would have made in response to the Reply Declarations had they had an opportunity to respond.  (*See id.*)  Thus, Defendants demonstrate no prejudice arising from including this evidence in the Reply but not in the Motion, and it is appropriate for the Court to consider the Reply Declarations.

Second, Defendants object to eleven items in the declaration of Plaintiffs' counsel submitted in support of Plaintiffs' Reply.  (Objs. 3–8.)  With three exceptions, addressed below, the Court **SUSTAINS** these objections.  Aside from those three exceptions, the objected-to statements are assertions by counsel about the SIJ process or legal arguments disguised as declarations.  Plaintiffs' counsel does not have personal knowledge of USCIS's process for approving SIJ petitions.  Nor does counsel demonstrate he is a subject matter expert on USCIS's processes.  Counsel's arguments about the SIJ process should be included in a brief, not a declaration.

By contrast, the following parts of counsel's statements in Paragraphs 13, 15, and 17 are admissible because they are based on counsel's personal knowledge and experience:

- The part of Paragraph 13 beginning with "Based on my personal experience . . ."
- The sentence in Paragraph 15 beginning with "In my experience . . ."
- Paragraph 17.

The Court **OVERRULES** Defendants' objections to these three items.

Finally, Plaintiffs filed a response to Defendants' objections to Plaintiffs' Reply evidence (a sort of sur-sur-reply), and Defendants, in turn, filed a response thereto (a sur-sur-sur-reply). The Court **STRIKES** both of these documents as unnecessary and beyond the scope of briefing permitted by the relevant federal and local rules. (ECF Nos. 87, 88.)

## V.   DISCUSSION

Plaintiffs seek to certify a class as follows:

> All Special Immigrant Juvenile petitioners ("Petitioners"), except as to members of the certified class in the case entitled *Moreno-Galvez v. Cuccinelli*, Case No. C19-0321RSL (U.S. District Court for the Western District of Washington), who have submitted or will submit Petitions for Amerasian, Widow(er), or Special Immigrant (Form I-360) ("SIJ Petitions") with the USCIS, and whose SIJ Petitions were not or in the future are not adjudicated within 180 days of being filed, including but not limited to petitioners who were issued a Request for Evidence (RFE) or a Notice of Intent to Deny (NOID) causing delay in the processing of their SIJ petitions pursuant to 8 C.F.R. [§] 204.11(g)(1).

(Mot. iv.)

The Court first considers whether the mootness of Arevalo's and Montes's individual claims deprives them of the ability to serve as class representatives.[3] Then, the Court considers the two subparts of Plaintiffs' claim separately. As to the Tolling

---

[3] Plaintiffs refer to this issue as one of standing, whereas Defendants refer to this issue as one of mootness. Standing and mootness are not exactly the same concepts. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189–91 (2000). In this case, the real issue is mootness. No one disputes that Arevalo and Montes had standing when this case commenced. The question is whether subsequent events have mooted their claims such that they cannot proceed as class representatives.

Provisions claim, the proposed class meets the requirements of Rule 23(a), and it qualifies for certification under both Rule 23(b)(2) and Rule 23(b)(3). However, as to the missed deadline claim, the proposed class fails to meet the commonality requirement of Rule 23(a) and does not qualify for certification under any subpart of Rule 23(b). The missed deadline claim is therefore not appropriate for class certification.

## A. Mootness

USCIS has completely adjudicated the SIJ petitions of Plaintiffs' proposed class representatives, Arevalo and Montes. Defendants argue, and Plaintiffs acknowledge (if only by omission), that this means that Arevalo's and Montes's individual claims are moot. (Mot. 11–14; Opp'n 7–8; *see generally* Reply.) Plaintiffs nevertheless argue that their claims are inherently transitory such that the mootness of their claims does not prevent them from proceeding. (Mot. 11–14.)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)). In the context of class actions, the general rule is that named plaintiffs with mooted claims cannot represent a class unless they were "member[s] of the class at the time the class was certified." *Kuahulu v. Emps. Ins. of Wausau*, 557 F.2d 1334, 1336 (9th Cir. 1977).

However, "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)) (alteration in original). In such instances, "even if the district court has not yet

addressed the class certification issue, mooting the putative class representative's claims will not necessarily moot the class action." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011). "In such cases, the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution." *McLaughlin*, 500 U.S. at 52.

A claim is inherently transitory—and therefore falls within the "capable of repetition yet evading review" mootness exception—when (1) "the duration of the challenged action is 'too short' to allow full litigation before it ceases," *Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020) (quoting *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010)), and (2) "there is a reasonable expectation that the named plaintiffs could themselves 'suffer repeated harm' or 'it is certain that other persons similarly situated' will have the same complaint," *id.* (quoting *Pitts*, 653 F.3d at 1090).

For example, in *Edakunni v. Mayorkas*, No. 2:21-cv-00393-TL, 2022 WL 2439864 (W.D. Wash. July 5, 2022), named plaintiffs sought to represent a class of individuals whose H-4 and L-2 visa petitions USCIS delayed in adjudicating. During the proceedings, the named plaintiffs' petitions were adjudicated, rendering their individual claims moot. 2022 WL 2439864, at *2. Defendants moved for summary judgment, arguing (among other things) that the plaintiffs' claims were moot. *Id.* at *4. The court disagreed. It pointed out that the adjudication of the plaintiffs' applications generated "the need to repeatedly amend the complaint to add plaintiffs in this case" and found that "the claims presented are inherently transitory and, therefore, fall into the capable-of-repetition-yet-evading-review exception to mootness." *Id.* at *5. The court concluded that "even if some or all of the proposed . . . new plaintiffs . . . have had their applications adjudicated at this point," it was "satisfied" that it had subject matter jurisdiction. *Id.*

Here, as in *Edakunni*, Arevalo's and Montes's claims are inherently transitory. Their claims did not accrue until 180 days passed without an adjudication from

USCIS.  After that point, USCIS took an additional six months to adjudicate Arevalo's petition and five months to adjudicate Montes's petition.  Even if Arevalo and Montes had promptly secured counsel who in turn promptly filed a case, it would be unrealistic to expect counsel to get a class certified in less than six months.  The claims of individuals in similar positions are likely to get adjudicated before class certification in most instances, and thus, the individuals' class certification requests would be mooted and would evade review.  The SIJ petition review period is therefore too short to allow full litigation before the review period ceases.  *See Belgau*, 975 F.3d at 949.

Moreover, it is certain that other SIJ petitioners will have the same complaint. *See id.*  As for the Tolling Provisions claim, USCIS is applying and will continue to apply the Tolling Provisions to the SIJ petition process, and as a result, SIJ petitioners will continue to experience the effects of the Tolling Provisions.  As for the missed deadline claim, Defendants inform the Court that the average length of time from submission of a SIJ petition to its adjudication is 6.8 months.  (Opp'n 13.)  As this is an average, there is a nontrivial percentage of SIJ petitioners whose petitions USCIS will adjudicate beyond the 180-day window.  These people all have the same complaint as Arevalo and Montes—that USCIS took longer than 180 days to adjudicate their petitions.

Arevalo's and Montes's claims are therefore inherently transitory.  Accordingly, the mootness of their individual claims does not deprive them of the ability to serve as class representatives.

**B.    Tolling Provisions Claim**

Having satisfied itself that mootness does not preclude class certification, the Court proceeds to consider the certifiability of each of the two subparts of Plaintiffs' APA claim, beginning with Plaintiffs' challenge to the Tolling Provisions themselves. To understand the nature of this challenge, suppose that USCIS receives a petition and determines additional information is lacking.  Five months after receiving the petition,

USCIS sends the petitioner a RFE with a two-month response deadline.  Suppose further that the petitioner does not respond to the RFE until the eve of the deadline and that USCIS takes an additional month to finally adjudicate the petitioner's petition.  Under the Tolling Provisions, this process would be allowable and considered a timely adjudication.  But the total amount of time from petition to adjudication in this example is ten months.  Plaintiffs argue that the Tolling Provisions contravene 8 U.S.C. § 1232(d)(2) because they allow for adjudication of SIJ petitions beyond a strict, literal 180-day window.

Plaintiffs challenge the Tolling Provisions pursuant to 5 U.S.C. § 706(2)(A), which allows courts to "hold unlawful and set aside agency action, findings, and conclusions" when the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  The Tolling Provisions at issue here are an "agency action."  *See* 5 U.S.C. § 551(13) ("'[A]gency action' includes the whole or a part of an agency rule.").  Plaintiffs ask the Court to find that the Tolling Provisions are "not in accordance with" the TVPRA's 180-day deadline.  5 U.S.C. § 706(2)(A).

Plaintiffs also challenge the Tolling Provisions pursuant to 5 U.S.C. § 706(1). (FAC ¶ 109.)  Under § 706(1), courts can "compel agency action unlawfully withheld or unreasonably delayed."

The Court considers whether the class satisfies the Rule 23(a) and 23(b) requirements with regard to the Tolling Provisions claim.  The Court considers the missed deadline claim separately, below.

### 1.    *Rule 23(a)*

Under Rule 23(a), the moving party must show that the class satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation in order to receive class treatment.  *See Olean Wholesale Grocery*, 31 F.4th at 663. As explained below, with respect to Plaintiffs' challenge to the Tolling Provisions, the class satisfies all four Rule 23(a) requirements.

a.   <u>Numerosity</u>

The first issue is whether the proposed class is sufficiently numerous such that joinder of all members would be impractical.  Fed. R. Civ. P. 23(a)(1).  While "[n]o exact numerical cut-off is required," "numerosity is presumed where the plaintiff class contains forty or more members."  *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).  Furthermore, "[w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."  *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982).  Alternatively, in cases where the class includes "unnamed, unknown future members," some courts bypass the numerical analysis altogether, finding that "the numerosity requirement is . . . met, regardless of class size."  *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1040 (S.D. Cal. 2020) (quoting *Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986)); *Walters*, 111 F.R.D. at 599 (finding numerosity satisfied on this basis and noting "class actions challenging statutes or administrative procedures on constitutional grounds[] have been recognized as natural class actions, and inclusion in the class of potentially aggrieved individuals has often been regarded as sufficient to meet the Rule 23(a)(1) impracticability requirement" (quoting 1 H. Newburg, *Class Actions* § 3.07 (2d ed. 1985))).

Here, the numerosity requirement is satisfied under either approach.  This is a class action challenging the way USCIS processes SIJ petitions.  The class is defined as those who have submitted or will submit SIJ petitions that were not or will not be adjudicated within 180 days.  No one disputes that USCIS intends to continue to apply the Tolling Provisions and that, as long as it does, there will be instances where USCIS takes longer than 180 days from the date of submission to adjudicate a SIJ petition.  It is therefore beyond dispute that the class contains unnamed, unknown future members who cannot currently be joined.  Under the analysis described in *Walters*, this is sufficient to meet the Rule 23(a)(1) numerosity requirement.

In the alternative, a numerical analysis also confirms numerosity.   USCIS received 31,933 SIJ petitions in fiscal year 2022.   (Schey Decl. ¶ 6, Ex. A ("SIJ Volume Data").)   This number does not include petitions received in 2023 and beyond.   Even if USCIS applies the Tolling Provisions to only a small percentage of these petitions in a way that causes them to be adjudicated beyond 180 days, the class of such individuals is sufficiently numerous.

Moreover, Defendants do not contest that the proposed class is sufficiently numerous.   (*See generally* Opp'n.)   Thus, the evidence allows the Court to form a "reasonable judgment" that the class is sufficiently numerous.   *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018).   The numerosity requirement is satisfied.

### b.   Commonality

The next issue is whether the claims of the potential class members raise common questions of fact and law.   Fed. R. Civ. P. 23(a)(2).   "Plaintiffs need not show . . . that every question in the case, or even a preponderance of questions, is capable of class wide resolution.   So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)."   *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (internal quotation marks omitted).

This standard is readily met where, as here, plaintiffs seek prospective relief "challeng[ing] a system-wide practice or policy that affects all of the putative class members."   *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also* 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1763 (4th ed. 2023) ("[C]lass suits for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2).").   "In such circumstance, individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality."   *Armstrong*, 275 F.3d at 868 (citing *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (1994)).

Here, Plaintiffs seek a declaratory judgment that the Tolling Provisions are unlawful, (*see* FAC Prayer for Relief ¶ 3) and an injunction requiring USCIS to adjudicate SIJ petitions within six months of submission, (*see id.* ¶ 4). The Tolling Provisions affect all putative class members because the classes are defined as those who have experienced or will experience the effects of the Tolling Provisions. *See Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 808 (9th Cir. 2020) (finding commonality satisfied where plaintiffs challenged the reliability of ICE's practice of relying solely on electronic database checks to determine if there is probable cause for detainment); *Kidd v. Mayorkas*, 343 F.R.D. 428, 438–39 (C.D. Cal. 2023).

For these reasons, the commonality requirement is satisfied.

### c.   Typicality

The next issue is whether the claims of Arevalo and Montes are typical of those of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied when the class representative's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338. The class representative "must be part of the class and 'possess the same interest and suffer the same injury' as the class members.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *Parsons*, 754 F.3d at 685 ("The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992))).

Here, the typicality requirement is satisfied because Arevalo and Montes "challenge the same [policy]"—the Tolling Provisions —"under the same constitutional provisions as other class members." *Johnson v. City of Grants Pass*, 50 F.4th 787, 806 (9th Cir. 2022). The class is defined as all those to whom USCIS

has applied or will apply the Tolling Provisions, so a declaration that the Tolling Provisions are unlawful would affect the proposed class equally. Such a declaration would cause USCIS to change how it processes SIJ petitions, thereby decreasing the possibility that USCIS will violate class members' statutory right to a speedy adjudication. By the same token, a declaration that the Tolling Provisions *are* lawful would change nothing and would therefore also affect the proposed class equally.

The typicality requirement is satisfied.

###### d.   Adequacy

Finally, the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether the representation meets this standard, [courts] ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, Plaintiffs argue that Arevalo and Montes are adequate class representatives because (1) there are no known or potential conflicts of interest between themselves and other class members, and (2) they and their counsel are able and willing to prosecute the action vigorously. (Mot. 6–7.) Defendants do not suggest that any conflicts of interest exist or that counsel will not prosecute the action vigorously. However, they argue that Arevalo and Montes are not likely to remain committed to the litigation because their claims are moot and that, as a result, they are inadequate as class representatives. (Opp'n 8–9.)

The declarations of Arevalo and Montes provide sufficient evidence for the Court to form a "reasonable judgment" that both of these individuals will remain committed to the litigation despite the mootness of their claims. *Sali*, 909 F.3d at 1005; (*see* Arevalo Decl. ¶ 7 ("I am fully committed to serving as a class representative and will do whatever the Court or Plaintiffs' counsel believe necessary

to perform my duties as a class representative."); Montes Decl. ¶ 7 (same).) Accordingly, the Court finds Arevalo and Montes to be adequate class representatives for the purpose of certification.

For these reasons, the adequacy requirement is satisfied.

### 2.   Rule 23(b)

Having determined that the proposed class meets the four threshold requirements of Rule 23(a), the Court proceeds to consider the Rule 23(b) requirement.   Plaintiffs seek certification of their proposed class pursuant to Rule 23(b)(2) or, in the alternative, Rule 23(b)(3).   Once again, the present analysis remains focused on only Plaintiffs' challenge to the Tolling Provisions themselves.

### a.   Rule 23(b)(2)

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Fed. R. Civ. P. 23(b)(2).   The key characteristic of a Rule 23(b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."   *Dukes*, 564 U.S. at 360.

The issue presented by the Rule 23(b)(2) inquiry in this case is exceedingly narrow: whether the Tolling Provisions are a systemwide policy whose legality the Court could analyze on a systemwide basis.   The answer, almost axiomatically, is yes. The Tolling Provisions are USCIS regulations, and it is beyond dispute that USCIS follows its own tolling regulations on a systemwide basis.   In reaching this conclusion, the Court need not, and indeed does not, decide today whether the Tolling Provisions are unlawful.   All the Court does at this time is observe that the lawfulness or unlawfulness of the Tolling Provisions is capable of systemwide treatment by way of a declaration or injunction, or a denial of the same, and is therefore appropriate for Rule 23(b)(2) certification.

In opposing Rule 23(b)(2) certification, Defendants argue that certification is not appropriate "[b]ecause many class members benefit from USCIS's tolling regulation" and, accordingly, "a single declaratory judgment requiring strict compliance with [the 180-day deadline] would harm some class members." (Opp'n 16.)   This argument does not defeat certification.   In the first place, Defendants do not cogently explain how this fact, even if true, would contradict any of the textual requirements of Rule 23(b)(2).   More substantively, Plaintiffs' core argument is that the Tolling Provisions violate the clear mandate of the 180-day timeframe articulated in 8 U.S.C. § 1232(d)(2).   If Plaintiffs are correct, they will receive some sort of declaration or injunction from this Court which will be based on a proper interpretation of the statute.   The Court may presume that all applicants benefit from USCIS correctly interpreting the 8 U.S.C. § 1232(d)(2) 180-day timeframe.

The class is certifiable under Rule 23(b)(2) for the purpose of Plaintiffs' challenge to the Tolling Provisions.

> b.   Rule 23(b)(3)

In the alternative, Plaintiffs seek certification under Rule 23(b)(3), which requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Certification under Rule 23(b)(3) is appropriate here for the same reasons certification under Rule 23(b)(2) is appropriate.   The predominant legal question here—indeed, the only significant legal question with respect to the Tolling Provisions claim—is whether the Tolling Provisions themselves constitute a violation of the statute they purport to interpret.   This common question predominates, and no individual inquiries are required to make this determination.   Thus, the class action is a superior way of addressing the legality of the Tolling Provisions.

1    For these reasons, the Court certifies the proposed class under Rule 23(b)(2)
2    and Rule 23(b)(3) for the purpose of Plaintiffs' challenge to the Tolling Provisions.
3    The Court now turns to the second subpart of Plaintiffs' APA claim, the missed
4    deadline claim.

5    **C.    Missed Deadline Claim**

6            By way of their missed deadline claim, Plaintiffs seek to challenge Defendants'
7    purported "policy and practice of routinely delaying the adjudication of SIJ petitions
8    for longer than 180 days."  (FAC ¶ 109.)   As a preliminary point of clarification,
9    Plaintiffs cannot directly sue USCIS for violation of the 180-day deadline articulated
10   in 8 U.S.C. § 1232(d)(2).  This is because the United States has not waived sovereign
11   immunity for violations of this statute.  *See F.A.A. v. Cooper*, 566 U.S. 284, 290
12   (2012) ("We have said on many occasions that a waiver of sovereign immunity must
13   be 'unequivocally expressed' in statutory text." (quoting *Lane v. Peña*, 518 U.S. 187,
14   192 (1996)). Instead, Plaintiffs must (and do) challenge Defendants' policy and
15   practice pursuant to the APA.  *Rosemere Neighborhood Ass'n*, 581 F.3d at 1172 n.2
16   ("Section 702 [of the APA] waives the government's sovereign immunity for actions,
17   such as this one, that seek injunctive relief.  In turn, § 706 prescribes standards for
18   judicial review and demarcates what relief a court may (or must) order." (citations
19   omitted)).

20           Plaintiffs bring their APA claim pursuant to 5 U.S.C. § 706(1) and (2)(A).
21   (FAC ¶ 109.)   Under the first of these provisions, a plaintiff can bring a claim to
22   "compel agency action unlawfully withheld or unreasonably delayed."   5 U.S.C.
23   § 706(1).  "Compel[ling] agency action" is exactly what Plaintiffs seek to do by
24   challenging USCIS's practice of delaying adjudication of SIJ petitions beyond 180
25   days. *See id.*  Accordingly, § 706(1) appears to be an appropriate vehicle for asserting
26   Plaintiffs' missed deadline claim.

27           Not so with § 706(2)(A).  This section allows courts to "hold unlawful and set
28   aside agency action, findings, and conclusions found to be[] arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This section does not fairly describe the missed deadline claim because, in asserting this claim, Plaintiffs do not seek to "set aside" an action USCIS has already taken. Instead, they seek to compel USCIS to take an action it has not yet taken.

Nor can the Court accept Plaintiffs' invitation to view USCIS's practice of allowing adjudication to take more than 180 days as "agency action, findings, and conclusions" that can be challenged *as a practice*. 5 U.S.C. § 706(2)(A). This is because there is no evidence that the fact that USCIS takes longer than 180 days to adjudicate petitions is an agencywide practice that can be challenged on a classwide basis. Instead, the reason USCIS takes longer than 180 days to adjudicate a SIJ petition varies from case to case. In some cases, the delay may be because USCIS sent the petitioner a RFE or a NOID, and the Tolling Provisions operated to extend the 180-day deadline. In other cases, the delay may be simply because USCIS did not process a complete petition in a timely manner. Moreover, beyond the Tolling Provisions themselves (which Plaintiffs *can* challenge on a classwide basis, *see supra* Part V.B), no party suggests USCIS has any stated policy that generally permits it to adjudicate petitions beyond 180 days.

The inapplicability of § 706(2)(A) becomes further evident in considering the relief Plaintiffs seek. With respect to the missed deadline claim, it appears Plaintiffs ask the Court to issue a declaration or injunction strictly prohibiting USCIS from taking longer than 180 days to adjudicate any SIJ petition, regardless of the completeness of the petition or of USCIS's efforts to obtain more information from the petitioner. But, for the reasons just discussed, the fact that USCIS takes more than 180 days to adjudicate a particular petition is not an "agency action, finding[], or conclusion." 5 U.S.C. § 706(2)(A). Thus, the injunction Plaintiffs seek would not qualify as the "set[ing] aside" of a classwide "agency action, finding[], or conclusion." *See id.* Accordingly, they cannot obtain such an injunction by way of § 706(2)(A).

Thus, the missed deadline claim is properly brought pursuant to 5 U.S.C. § 706(1) *only*.  That being the case, the salient issue is not simply whether USCIS adjudicated a petition (or a class of petitions) beyond the 180-day deadline; the question is whether, in light of the statutory deadline and other relevant factors, USCIS's adjudication was unreasonably delayed.

To determine whether an agency's delay in adjudicating a benefit is "unreasonabl[e]" under 5 U.S.C. § 706(1), courts review the delay under the six-factor approach articulated in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*").  These factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *TRAC*, 750 F.2d at 80) (alteration brackets removed).

In light of these so-called *TRAC* factors, Plaintiffs' missed deadline claim does not raise common issues for the purpose of class certification.  Moreover, given that the success of the claim requires reference to the *TRAC* factors, the claim and the associated proposed class do not meet the requirements of either Rule 23(b)(2) or Rule 23(b)(3).  The Court addresses each of these two findings in turn.

### 1.  Rule 23(a)—Commonality

Plaintiffs' missed deadline claim is not appropriate for class certification because it does not raise any common legal or factual issues.  This is so because

(1) several of the individual *TRAC* factors require individualized inquiries, and (2) the task of balancing the *TRAC* factors requires an individualized inquiry for each class member.

First, several of the individual *TRAC* factors require individualized inquiries and cannot be treated on a classwide basis. For example, under the "rule of reason" approach, a delay of three weeks beyond a statutory deadline is more reasonable than a delay of three months. *See TRAC*, 750 F.2d at 80–81. Each petitioner's petition is adjudicated on a unique timeline, and the Court cannot simply apply some sort of classwide rule to sort the petitions into those adjudicated soon enough to be "reasonable" and those adjudicated too late. Furthermore, some SIJ petitioners are extremely vulnerable young people whereas others are more self-sufficient individuals who have recently reached the age of majority. This distinction is relevant to the degree to which "human health and welfare [is] at stake," and it is also relevant to "the nature and extent of the interests prejudiced by the delay." *Id.* at 80. Plaintiffs do not suggest any classwide formula the Court could apply to meaningfully sort out more vulnerable SIJ petitioners from less vulnerable ones; nor could they, as this is a factor that must be balanced with the others. Finally, the COVID-19 pandemic has caused staffing shortages within USCIS, and this is a situation that continues to evolve. (*See* Opp'n 13–14.) When an agency is short-staffed, courts must consider the effect of ordering the agency to prioritize a particular matter on other important agency matters. *See TRAC*, 750 F.2d at 80. Because the availability of USCIS staff has shifted over time, especially in recent years, this factor will weigh differently for individual SIJ petitioners based on when they filed their petitions.

Thus, many of the individual factors themselves create unmanageable rifts in the class. And given that these individual factors must be balanced in each individual case, the Court concludes that Plaintiffs' missed deadline claim does raise a question that "generate[s] common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350.

1    Pushing back, Plaintiffs argue that the common issue is simply whether
2 Defendants have adjudicated the class members' SIJ petitions beyond a strict 180-day
3 timeframe.  (Reply 5–8.)  This argument might hold water if Plaintiffs were suing
4 Defendants for a direct violation of 8 U.S.C. § 1232(d)(2).  But, as discussed,
5 Plaintiffs cannot do so and must instead bring their claim under the APA.  Under the
6 APA, a plaintiff can pursue a claim for unreasonable delay, and any timetable
7 provided by Congress is just one of many factors to be used in determining whether
8 the delay is unreasonable.  The mixed legal and factual question—whether USCIS's
9 delay in adjudicating a particular SIJ petition is unreasonable—is an individual
10 question that requires the court to balance the *TRAC* factors in light of each
11 petitioner's individual circumstances.

12    For these reasons, with respect to the missed deadline claim, the commonality
13 requirement is not satisfied.

14    *2.    Rule 23(b)*

15    In addition to a failure of commonality, Plaintiffs' missed deadline claim is not
16 appropriate for class certification because it does not qualify under either
17 Rule 23(b)(2) or Rule 23(b)(3).

18    First, the missed deadline claim is not appropriate for class treatment under
19 Rule 23(b)(2).  As discussed, the missed deadline claim, properly understood in the
20 context of the APA, is a claim for unreasonable delay.  Unreasonable delay, in turn, is
21 determined by applying the *TRAC* factors.  Given that the *TRAC* factors are a complex
22 set of factors that must be balanced in a given case, there is no way a court could issue
23 a classwide injunction or declaration that would provide meaningful relief for the
24 class.

25    In this regard, it is notable that Plaintiffs specifically disavow articulating any
26 particular classwide injunction or declaration that they seek beyond a declaration that
27 missing the deadline is unlawful or an injunction ordering USCIS to adjudicate
28 petitions by the deadline.  (Reply 9 (rejecting Defendants' characterization of

Plaintiffs' requested injunction and asserting that "[t]he present motion cannot be decided based on Defendants' speculation about what the Court may or may not include in a future remedial Order"); FAC Prayer for Relief 4.)  It is difficult, if not impossible, for the Court to determine if a requested declaration or injunction is the type of injunction described in Rule 23(b)(2) when the party seeking class certification articulates the requested declaration or injunction in only general and conclusory terms.

Moreover, as discussed, some SIJ petitions have been adjudicated just days or weeks after the 180-day deadline, whereas others were not adjudicated until months after the deadline.  The reasons for these delays are different in each case.  Thus, the Court cannot conclude that USCIS has "acted or refused to act on grounds that apply generally to the class."  Fed. R. Civ. P. 23(b)(2).

Second, the missed deadline claim is not appropriate for class treatment under Rule 23(b)(3).  As discussed, due to the *TRAC* factors analysis, individual questions would predominate the proceedings, and a class action is therefore not a superior approach.

For all these reasons, the Court will not certify the class for the purpose of Plaintiffs' missed deadline claim.

## VI.   CROSS-MOTIONS FOR SUMMARY JUDGMENT

The parties have filed Cross-Motions for Summary Judgment that are currently pending before the Court.  (Defs.' Mot. Summ. J., ECF No. 67; Pls.' Mot. Summ. J, ECF No. 71.)  As the Court indicated at the May 22, 2023 hearing, today's ruling is likely to narrow the issues on which the parties seek summary judgment.  Accordingly, the Court provides additional orders regarding amended summary judgment motions, below.

# VII.    CONCLUSION

The Court **STRIKES** the parties' filings at ECF Nos. 87 and 88.  The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Class Certification.  (ECF No. 58.)  As to the Tolling Provisions claim:

- <u>Rule 23(a)(1)</u>.  The class is so numerous that joinder of all members is impracticable.

- <u>Rule 23(a)(2)</u>.  There are questions of law and/or fact common to the class.

- <u>Rule 23(a)(3)</u>.  The claims of Arevalo and Montes are typical of the claims of the members of the class.

- <u>Rule 23(a)(4)</u>.   Arevalo and Montes and their counsel are adequate representatives for the class.

- <u>Rule 23(b)(2)</u>.  The Tolling Provisions and Plaintiffs' challenge thereto are such that any final injunctive relief or corresponding declaratory relief would be appropriate with respect to the class as a whole.

- <u>Rule 23(b)(3)</u>.  The questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Pursuant to these findings, the Court certifies the following class for the purpose of Plaintiffs' Tolling Provisions claim:

> All Special Immigrant Juvenile petitioners, except as to members of the certified class in the case entitled *Moreno-Galvez v. Cuccinelli*, Case No. C19-0321RSL (U.S. District Court for the Western District of Washington), who have submitted or will submit Petitions for Amerasian, Widow(er), or Special Immigrant (Form I-360) ("SIJ Petitions") with the USCIS, and whose SIJ Petitions were not or in the future are not adjudicated within 180 days of being filed, including but not limited to petitioners who were issued a Request for Evidence or a Notice of Intent to Deny causing delay in the processing of their SIJ Petitions pursuant to 8 C.F.R. § 204.11(g)(1).

The Court appoints Carlos Abel Hernandez Arevalo and Rene Isai Serrano Montes as class representatives, and the Court appoints Peter Schey and Sarah Kahn of the Center for Human Rights and Constitutional Law as class counsel.

The Court further finds that the missed deadline claim is not appropriate for class certification and denies the Motion to that extent.

Furthermore, to provide the parties with an opportunity to amend their summary judgment motions in light of this Order, the Court **ORDERS** as follows:

- Amended Cross-Motions for Summary Judgment must be filed no later than **June 26, 2023**. If a party does not file an amended motion by this date, the Court will assume that party has elected to stand on its previously filed motion.
- Oppositions are due no later than **July 10, 2023**.
- Replies are due no later than **July 17, 2023**.
- If the parties cite to the Administrative Record in any of their briefs, the Court requests that the parties submit, along with that brief, excerpts of the Administrative Record passages to which they cite. This is to facilitate easy reference to the Administrative Record materials and avoid the need to have the entire Administrative Record on hand.
- The parties are **ORDERED** to submit a single courtesy copy of all briefs and materials related to the summary judgment motions.

**IT IS SO ORDERED.**

May 25, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**