CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Sarah Kahn (Cal. Bar No. 341901)
256 South Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 309
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
   sarah@centerforhumanrights.org

*Attorneys for Plaintiffs. (Additional counsel listed next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA LIBRE/FREEDOM HOUSE; ET AL., | Case No. 2:22-cv-01510-ODW-JPR |
| Plaintiffs, | **NOTICE OF MOTION FOR ATTORNEY'S FEES** |
| v. | |
| ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ET AL., | **HEARING: MARCH 25, 2024 OR AS SOON THEREAFTER AS THIS MOTION CAN BE HEARD** |
| Defendants. | |

*Additional Counsel for Plaintiffs:*
CAMILA ALVAREZ (Cal. Bar No. 305813)
RUTH N. CALVILLO (Cal. Bar No. 312129)
LILIT MELKONYAN (Cal. Bar No. 319834)
Central American Resource Center (CARECEN-LA)
2845 W 7th Street
Los Angeles, CA 9005
Telephone: (213) 385-7800, extension 161
Email: CAlvarez@carecen-la.org
 RCalvillo@carecen-la.org
 LMelkonyan@carecen-la.org

STEPHANY ARZAGA (Cal. Bar No. 314925)
CYNTHIA HENNING (Cal. Bar No. 295709)
Legal Services for Children
1254 Market St–3rd Floor
San Francisco, CA 94102
Telephone: (415) 863-3762
Email: stephany@lsc-sf.org
 cynthia@lsc-sf.org

CARL BERGQUIST (DC BAR # 1720816)
MARITZA AGUNDEZ (Cal. Bar No. 322158)
Coalition for Humane Immigrant Rights (CHIRLA)
2533 West Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 201-3781
Email: magundez@chirla.org

STEPHEN ROSENBAUM (Cal. Bar No. 98634)
MARCOS PACHECO (Cal. Bar No. 341355)
La Raza Centro Legal, Inc.
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu
Email: marcos@lrcl.org

Notice of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Additional Counsel for Plaintiffs:*
ALEX HOLGUIN (Cal. Bar No. 271861)
Dream Act Lawyers
714 W Olympic Blvd, #450
Los Angeles, CA 90015
Telephone: (213) 765-6084
Email: aholguin@dalimmigration.com
(Appearing for Plaintiff El Rescate)

SILVIA AGUIRRE (Cal. Bar No. 254150)
The Aguirre Law Firm, APC
3521 Whittier Blvd
Los Angeles, CA 90023-1709
Telephone: (213) 386-4649
Email: silvia@getjustice.us
(Appearing for Plaintiff El Rescate)

CRISTEL MARTINEZ (Cal. Bar No. 323658)
Law Offices of Martinez, Nguyen & Magana
13200 Crossroads Pkwy. N., Suite 115
Industry, CA 91746
Telephone: (213) 246-2197
Email: abogada@cristelmartinez.com

JIM TOM HAYNES (DC Bar # 340422)
Haynes Novick Immigration
2001 S Street NW, Suite 550
Washington, DC 20009
Phone: 202-350-3933 direct
Email jimtom@dcimmigrationattorney.com

GENEVIEVE AUGUSTIN (MD Bar # 20079)
Central American Resource Center (CARECEN-DC)
1460 Columbia Road NW, Suite C-1
Washington, DC 20009
Telephone: (202) 328-9799
Email: Genevieve.Augustin@carecendc.org

Notice of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

PLEASE TAKE NOTICE that on March 25, 2024 at 1:30pm or as soon thereafter as counsel may be heard, Plaintiffs will and do hereby move the Court for an order awarding them attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for fees and costs incurred during the litigation of this case.

Plaintiffs aver that (1) they are prevailing parties; (2) Defendants' position in this litigation was not substantially justified; and (3) no special circumstances make an award of fees unjust.

This motion is based upon the annexed memorandum of points and authorities, Plaintiffs' itemized statements and other supporting exhibits filed concurrently herewith, and upon all other matters of record.

On August 30, 2023, Plaintiffs informed Defendants that they would file a motion for Attorney's fees under EAJA. Plaintiffs contacted Defendants by email the week prior to filing and parties met and conferred on January 10, 2024. Parties agreed to request a hearing date of March 25, 2024 to provide time for Defendants to respond and allow for the possibility of future conference on the matter.

Date: January 11, 2024                    Respectfully Submitted,


/s/ Sarah Kahn
Sarah Kahn
*Attorneys for Plaintiffs*

PETER A. SCHEY
SARAH KAHN
Center for Human Rights &
Constitutional Law

CAMILA ALVAREZ
RUTH N. CALVILLO

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LILIT MELKONYAN
CARECEN-LA (Central American
Resource Center)

MARITZA AGUNDEZ
Coalition for Humane Immigrant
Rights (CHIRLA)

STEPHANY ARZAGA
CYNTHIA HENNING
CLAUDIA QUINTANA
Legal Service for Children

STEPHEN ROSENBAUM
MARCOS PACHECO
La Raza Centro Legal, Inc.

ALEX HOLGUIN
Dream Act Lawyers

SILVIA AGUIRRE
The Aguirre Law Firm, APC

CRISTEL MARTINEZ
Law Offices of Martinez, Nguyen &
Magana
JIM TOM HAYNES
Haynes Novick Immigration

GENEVIEVE AUGUSTIN
CARECEN-DC (Central American
Resource Center)

*Attorneys for Plaintiffs*

/ /

Memorandum of Law in Support of Motion for
Attorney's Fees

v

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Sarah Kahn (Cal. Bar No. 341901)
256 South Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 309
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
    sarah@centerforhumanrights.org

*Attorneys for Plaintiffs. (Additional counsel listed next page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA LIBRE/FREEDOM HOUSE; ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ET AL.,<br><br>     Defendants. | Case No. 2:22-cv-01510-ODW-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>**HEARING: MARCH 25, 2024 OR AS SOON THEREAFTER AS THIS MOTION CAN BE HEARD** |

Memorandum of Law in Support of Motion for
Attorney's Fees

vi

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Additional Counsel for Plaintiffs:*
CAMILA ALVAREZ (Cal. Bar No. 305813)
RUTH N. CALVILLO (Cal. Bar No. 312129)
LILIT MELKONYAN (Cal. Bar No. 319834)
Central American Resource Center (CARECEN-LA)
2845 W 7th Street
Los Angeles, CA 9005
Telephone: (213) 385-7800, extension 161
Email: CAlvarez@carecen-la.org
 RCalvillo@carecen-la.org
 LMelkonyan@carecen-la.org

STEPHANY ARZAGA (Cal. Bar No. 314925)
CYNTHIA HENNING (Cal. Bar No. 295709)
Legal Services for Children
1254 Market St–3rd Floor
San Francisco, CA 94102
Telephone: (415) 863-3762
Email: stephany@lsc-sf.org
 cynthia@lsc-sf.org

CARL BERGQUIST (DC BAR # 1720816)
MARITZA AGUNDEZ (Cal. Bar No. 322158)
Coalition for Humane Immigrant Rights (CHIRLA)
2533 West Third St., Suite 101
Los Angeles, CA 90057
Telephone: (213) 201-3781
Email: magundez@chirla.org

STEPHEN ROSENBAUM (Cal. Bar No. 98634)
MARCOS PACHECO (Cal. Bar No. 341355)
La Raza Centro Legal, Inc.
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu
Email: marcos@lrcl.org

Memorandum of Law in Support of Motion for
Attorney's Fees

vii

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Additional Counsel for Plaintiffs:*
ALEX HOLGUIN (Cal. Bar No. 271861)
Dream Act Lawyers
714 W Olympic Blvd, #450
Los Angeles, CA 90015
Telephone: (213) 765-6084
Email: aholguin@dalimmigration.com
(Appearing for Plaintiff El Rescate)

SILVIA AGUIRRE (Cal. Bar No. 254150)
The Aguirre Law Firm, APC
3521 Whittier Blvd
Los Angeles, CA 90023-1709
Telephone: (213) 386-4649
Email: silvia@getjustice.us
(Appearing for Plaintiff El Rescate)

CRISTEL MARTINEZ (Cal. Bar No. 323658)
Law Offices of Martinez, Nguyen & Magana
13200 Crossroads Pkwy. N., Suite 115
Industry, CA 91746
Telephone: (213) 246-2197
Email: abogada@cristelmartinez.com

JIM TOM HAYNES (DC Bar # 340422)
Haynes Novick Immigration
2001 S Street NW, Suite 550
Washington, DC 20009
Phone: 202-350-3933 direct
Email jimtom@dcimmigrationattorney.com

GENEVIEVE AUGUSTIN (MD Bar # 20079)
Central American Resource Center (CARECEN-DC)
1460 Columbia Road NW, Suite C-1
Washington, DC 20009
Telephone: (202) 328-9799
Email: Genevieve.Augustin@carecendc.org

Memorandum of Law in Support of Motion for
Attorney's Fees

**Table of Contents**

I.   **INTRODUCTION** ...........................................................................1

II.  **ARGUMENT** ...................................................................................2

   A.  STATEMENT OF TIMELINESS OF REQUEST ...................................2

   B.  PLAINTIFFS QUALIFY FOR AN AWARD OF EAJA FEES AND COSTS. .................3

      i.   *Plaintiffs are Prevailing Parties.* .............................................3

      ii.  *Plaintiffs' Net Worth is Far Less than $2,000,000.* ....................4

      iii.  *Defendants' Position Lacked Substantial Justification.* ...............4

   C.  LODESTAR CALCULATION. ........................................................7

   D.  SPECIAL FACTORS WARRANT A FEE AWARD AT MARKET RATES FOR
PLAINTIFFS' SENIOR COUNSEL. ......................................................8

      i.   *Plaintiffs' Counsel Possess Distinctive Knowledge and Specialized Skill
that was Needful to Litigation.* ............................................9

      ii.  *Other Qualified Attorneys are Not Available.* ..........................10

      iii.  *Plaintiffs' Attorneys' Fees Should Not be Reduced Because their Claims
All Involved a Common Core of Facts and Legal Theories.* ...........11

III. **CONCLUSION** .............................................................................12

Memorandum of Law in Support of Motion for
Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

## Cases

*Afianian v. Mayorkas*, 2023 U.S. Dist. 4665 (C.D. Cal., Jan. 10, 2023) ................4

*Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224 (9th Cir. 1989) ....................7

*Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001) .................................................................................3, 4

*Cf. Sampson v. Chater*, 103 F.3d 918 (9th Cir. 1996)..............................................6

*Fang v. Gonzales*, No. 03- 71352, 2006 WL 5669901 (9th Cir. Oct. 30, 2006).......8

*Galvez v. Cissna*, No. 2:19-cv-00321-RSL (W.D. Wash. issued Oct. 5, 2020)........6

*Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022) ...................................................6, 7

*Gonzales v. Free Speech Coalition*, 408 F.3d 613 (9th Cir. 2005) .......................4, 5

*Gutierrez v. Barnhart*, 274 F.3d 1255 (9th Cir. 2001) ............................................5

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ......................................................7, 11

*Ibrahim v. U.S. Department of Homeland Sec.*, 912 F.3d 1146 (9th Cir. 2019).......3

*In re LTL Management, LLC*, U.S. Bankruptcy Court of New Jersey, Case 21-30589-MBK, ECF 2324, May 20, 2022 ...........................................................10

*League of Women Voters of California*, 798 F.2d 1258 (9th Cir. 1986)..................5

*Muhur v. Ashcroft*, 382 F.3d 653 (7th Cir. 2004)....................................................8

*Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) ...............................8, 9, 10, 11

*Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, 2022 U.S. Dist. LEXIS 204361.................................................................................................................4

*Oregon Envtl. Council v. Kunzman*, 817 F.2d 484 (9th Cir. 1987).........................5

*Pierce v. Underwood*, 487 U.S. 552 (1988) ...........................................................3

*Scarborough v. Principi*, 541 U.S. 401 (2004) .......................................................3

Memorandum of Law in Support of Motion for
Attorney's Fee

x

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Thorne v. City of El Segundo*, 802 F.2d 1131 (9th 1986) .......................................12

**Statutes**

28 U.S.C. § 2412(d) ...........................................................................passim

28 U.S.C. § 2412(d)(1)(A) ...............................................................................2

28 U.S.C. § 2412(d)(1)(B) ...............................................................................2

5 U.S.C. § 706(2)(A) .......................................................................................1

8 U.S.C. § 1232(d) ...............................................................................1, 5, 12

**Regulations**

8 C.F.R. §§ 103.2(b)(10(i) ..............................................................................1

Memorandum of Law in Support of Motion for Attorney's Fees

xi

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

## I.     INTRODUCTION

Plaintiffs apply for an award Plaintiffs apply for an award of attorney's fees and costs incurred in this Court.[1]

On August 15, 2023, the district court granted in part and denied in part Plaintiffs' motion for summary judgment and declared that, "to the extent the Tolling Provisions, as set forth a 8 C.F.R. § 103.2(b)(10)(i) and 8 C.F.R. § 204.11(g)(1), allow for adjudication of Special Immigrant Juvenile petitions beyond the 180-day adjudication deadline set forth at 8 U.S.C. § 1232(d), the Tolling Provisions are 'not in accordance with law,' 5 U.S.C. § 706(2)(A)." Judgment [ECF No. 112].

Plaintiffs now apply pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for an award of attorney's fees and costs incurred in securing the August 15, 2023 Judgment.

The EAJA allows litigants to recover fees and costs in certain actions against the United States, thus encouraging the vindication of rights by persons who would otherwise be deterred from challenging government action because of the expense of litigation. Pub. L. No. 96-481, 94 Stat. 2325. In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the

---

[1] Defendants' and Plaintiffs' counsel met and conferred about the present motion on January 10, 2024, after communication via email; parties agreed to request a hearing date of March 25, 2024 to allow time for Defendants to respond to the motion and to provide time for the possibility of further conference on the matter.

Memorandum of Law in Support of Motion for Attorney's Fees

1

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Plaintiffs satisfy all requirements for an award of EAJA fees and costs; the Court should accordingly grant the instant motion and award fees and costs herein as requested.

## II.    ARGUMENT

### a.  Statement of Timeliness of Request

A motion for attorney's fees under EAJA is governed by 28 U.S.C. § 2412(d)(1)(B). The EAJA requires that the successful litigant file the fee application within 30 days of "final judgment." 28 U.S.C. § 2412(d)(1)(B).

A "final judgment" is not subject to further review either in this Court or the Supreme Court. 28 U.S.C. § 2412(d)(2)(G). "The thirty-day deadline to file an application for attorney's fees under EAJA does not begin to run until after the ninety-day period during which a party may seek a writ of certiorari from the United States Supreme Court." *Li v. Keisler*, 505 F.3d 913, 916-17 (9th Cir. 2007).

This Court issued its decision on August 15, 2023. Pursuant to F.R.A.P. 4(a)(1)(B)(ii), because the government is a party to this action, the parties had 60 days to file an appeal before the entered judgment becomes final.

On October 13, 2023, Defendants filed a notice of appeal to the Ninth Circuit. On October 25, 2023, Plaintiffs filed a notice of cross-appeal to the Ninth Circuit. On December 11, 2023, parties jointly filed a stipulation to dismiss both appeals. On December 12, 2023, the Ninth Circuit granted dismissal of the appeals.

Memorandum of Law in Support of Motion for
Attorney's Fees

2

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Plaintiffs now timely file this motion for attorney's fees, 30 days after the
December 12, 2023 final judgment.

### b.  Plaintiffs Qualify for An Award of EAJA Fees and Costs.

Pursuant to 28 U.S.C. § 2412(d) "eligibility for a fee award in any civil
action requires: (1) that the claimant be 'a prevailing party'; (2) that the
Government's position was not 'substantially justified', (3) that no 'special
circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d),
that any fee application be submitted to the court within 30 days of final judgment
in the action and be supported by an itemized statement." *Ibrahim v. U.S.
Department of Homeland Sec.*, 912 F.3d 1146, 1167 (9th Cir. 2019) (*en banc*)
(*quoting Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)). The Court has
discretion to determine whether the requested fees are reasonable. *Pierce v.
Underwood*, 487 U.S. 552, 571 (1988).

Once this showing is made, the burden shifts to the Government to prove
that its position, both before and during the litigation, was substantially justified or
that special circumstances make an award of attorney's fees unjust. *Scarborough v.
Principi*, 541 U.S. 401, 416-17 (2004).

i.    Plaintiffs are Prevailing Parties.

Under the EAJA, a party prevails when it has been granted "some relief by a
court." *Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and
Human Res.*, 532 U.S. 598, 603 (2001). To prove prevailing party status, an EAJA
petitioner must establish: (1) a "material alteration of the legal relationship of the
parties," and (2) a "judicial imprimatur on the change." *Id.* at 604-05.

Here, this Court's August 15, 2023 Judgment declaring Defendants' Tolling
Provisions not in accordance with law [ECF No. 112] and its July 31, 2023,

3

granting in part Plaintiffs' motion for summary judgment [ECF No. 110] constitutes "some relief by a court." *Buchannon*, 532 U.S. at 603.

ii.   Plaintiffs' Net Worth is Far Less than $2,000,000.

Pursuant to 28 U.S.C. § 2412(d)(2)(B)(i), a party's "net worth [must] not exceed $2,000,000 at the time the civil action was filed..." Plaintiffs in this action are indigent immigrant youth. Declaration of Peter Schey ("Schey Dec."), Exhibit 1, at ¶ 8. Further, it is self-evident that plaintiff class members are also indigent. They are under 21 years of age, have at least one parent who has abandoned, abused, or neglected them, and are ineligible for employment authorization, which is the subject of this case. Schey Dec. ¶ 8.

An "organization is eligible for fees under the EAJA if its net worth does not exceed $7 million and it has 500 or fewer members at the time of filing. 28 U.S.C. § 2412(d)(2)(B)." *Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, 2022 U.S. Dist. LEXIS 204361, *5, 2022 WL 16834487. Plaintiff organizations are tax-exempt, nonprofit organizations with fewer than 500 employees and net worth of under $7,000,000. Schey Dec. ¶ 9.

iii.   Defendants' Position Lacked Substantial Justification.

Because Plaintiffs both prevailed and meet the EAJA's net worth standard, an award of fees is mandatory under the EAJA if "the government's position was not substantially justified" and "no special circumstances make an award unjust." *Afianian v. Mayorkas*, 2023 U.S. Dist. 4665 at *3 (C.D. Cal., Jan. 10, 2023).

Plaintiffs need only aver that the Defendants' position lacked substantial justification; "[t]he government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

The Ninth Circuit "has long applied a test of reasonableness in determining whether the government's position was substantially justified." *Oregon Envtl.*

Memorandum of Law in Support of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987). The government has the burden of demonstrating that its position was substantially justified. *Id*. "In analyzing the reasonableness of the government's position under the 'totality of the circumstances' test, we must look both to the position asserted by the government in the trial court as well as the nature of the underlying government action at issue." *League of Women Voters of California*, 798 F.2d at 1258 (9th Cir. 1986).

"The test for whether the government is substantially justified is one of 'reasonableness.'" *Gonzalez v. Free Speech Coal*., 408 F. 3d 613, 618 (9th Cir. 2005). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Id*. (*quoting League of Women Voters v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (position can be substantially justified "even though it is not correct . . . if it has a reasonable basis in law and fact").

It is not enough that the government's underlying conduct *or* its procedural litigation position be reasonable – the Court must find that *both* were reasonable. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("[T]he government must establish that it was substantially justified on the whole, considering, first, the underlying conduct of the [agency] . . . and, second, its litigation position defending the [agency's] error.").

Both the government's underlying conduct and its litigation position were unreasonable.

First, reasonable minds could not differ over the plain meaning of 8 U.S.C. § 1232(d), which provides that a SIJ petition "shall be adjudicated . . . not later than 180 days after the date on which the application is filed." *Gonzalez*, 408 F. 3d at 618. There is simply no reasonable interpretation of the statute that allows the government to adjudicate a SIJ petition in longer than 180 days. Defendants'

Memorandum of Law in Support of Motion for Attorney's Fees

5

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

position was *prima facie* without justification. *Cf. Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996) (no substantial justification "when the agency's position was based on violation of the Constitution, federal statute, or the agency's own regulations.")

Second, the government's litigation position was unreasonable. This is not a matter of first impression. In this case, the United States District Court for the Western District of Washington held, and the Ninth Circuit Court of Appeals upheld, that tolling beyond the Congressionally imposed six-month deadline was unlawful.

The district court in *Galvez* issued a permanent injunction imposing a strict 180-day deadline on USCIS. Order Mot. Summ. J. 19–20, *Galvez v. Cissna*, No. 2:19-cv-00321-RSL (W.D. Wash. issued Oct. 5, 2020), ECF No. 76. As part of the injunction, the court ordered that "USCIS may not use the issuance of a request for information or notice of intent to deny for the sole purpose of avoiding the statutory deadline for adjudication of an SIJ petition." *Id.*

The Ninth Circuit affirmed the permanent injunction, which prevents Defendants from using the Tolling Provision to exceed the statutory deadline, in *Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Although *Galvez* applied only to a certified class of Washington state petitioners, the Ninth Circuit noted that "while the district court properly confined the scope of its injunction to the Washington-specific facts before it, the district court effectively answered Defendants' claim about prioritizing SIJ petitions from some States over others by implying that USCIS should find a way to adjudicate SIJ petitions from all States by Congress's deadline: 'USCIS' practice of delaying adjudication of SIJ petitions (and its intent to continue doing so) are unlawful, and it is clear that neither equity nor the

6

public's interest are furthered by allowing violations of federal law to continue.'" *Galvez*, 52 F.4th at 832.

The complaint in this case was filed on March 7, 2022. [ECF No. 1]. The next day, on March 8, 2022, after numerous public comments through the federal registrar questioning the legality of the Tolling Provision, and after the 2020 Court Order in *Galvez*, the government published a final rule once again asserting its right to toll adjudication of SIJ petitions when an RFE is required. SIJ Regulations, FR at 13100.

In light of the clear statutory deadline imposed in plain language by Congress, it was unreasonable for the Government to publish a final rule that allowed it to toll § 1232's deadline, and in light of the District Court order in *Galvez*, and the Ninth Circuit's order affirming the District Court's injunction, it was unreasonable for the government to defend its tolling provision in the case at bar. Defendants cannot show that their pre-litigation conduct or their litigation position was substantially justified.

*c. Lodestar Calculation.*

A "lodestar" figure for the amount of fees Plaintiffs should recover is calculated by multiplying the number of hours counsel reasonably dedicated by the inflation-adjusted EAJA hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An increase over the base rate to account for inflation is granted in all but unusual circumstances. *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989).

The inflation-adjusted EAJA base rates for the period counsel worked on the instant matter appear at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited September 11, 2023) and are reported at $234.95 for 2022 and $242.78 for 2023.

Memorandum of Law in Support of Motion for
Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

The hours counsel devoted to prosecuting this action, adjusted for time that was poorly documented or excessive, appear in the itemized time records annexed to the declarations of Plaintiffs' counsel. Exhibit 1, Decl. of Schey ¶ 12; Exhibit 1D (CHRCL Staff, 2022: 196.38 hours [$46,139.48]; CHRCL Staff, 2023: 525.7 hours [$127,629.45]); Exhibit 2, Decl. of Augustin; Exhibit 2A (Augustin, 2022: 10 hours [$2349.50]; 2023: 15 hours [$3641.70]); Exhibit 3, Dec. of Jim Tom Haynes; Exhibit 3A (Haynes, 2022: 8 [$1879.60]; 2023: 15 [$3641.70]). These hours multiplied by the rate of the year in which they were performed yield a lodestar fee request of $185,281.43.

> d. *Special Factors Warrant a Fee Award at Market Rates for Plaintiffs' Senior Counsel.*

In certain cases, courts may award fees at "enhanced" or market rates where there was "limited availability of qualified attorneys for the proceedings involved" and the attorneys had "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question" and "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009).

In *Nadarajah*, the Ninth Circuit held this test satisfied where counsel had "distinctive knowledge and specialized skill in immigration law and, in particular, constitutional immigration law and litigation involving the rights of detained immigrants." *See also Fang v. Gonzales*, No. 03- 71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ("Counsel Smith's specialized skills and distinctive 'knowledge of . . . particular, esoteric nooks and crannies of immigration law,' ... enabled her to ... to succeed in obtaining relief from removal for Fang," *quoting Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)). This Court accordingly awarded enhanced fees to the prevailing party's most experienced attorneys. 569 F.3d at 912-15. The district court also awarded enhanced fees for senior counsel. *Id*. at 964.

Memorandum of Law in Support of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

i.   Plaintiffs' Counsel Possess Distinctive Knowledge and Specialized Skill
that was Needful to Litigation.

As in *Nadarajah*, Plaintiffs' counsel here has extensive experience,
knowledge, and specialized skill in immigration law, youth law, and Special
Immigrant Juvenile petitions.

First, Plaintiffs' senior class counsel is a highly skilled litigator with vast
experience in representing immigrants, refugees, and youth in nationwide class
action cases. Plaintiffs' class counsel is among the leading lawyers litigating class
actions on behalf of immigrant and refugee children. He has successfully litigated
multiple statewide and nationwide class action cases involving the rights of
immigrant youth for over 40 years. Schey Dec. ¶ 4.

Second, Schey has extensive experience representing Special Immigrant
Juvenile youth. In 1996, Schey founded Casa Libre Freedom House, providing free
housing and support to unaccompanied minors released from DHS custody through
Schey's advocacy and historic 1997 *Flores* Settlement and subsequent litigation. In
addition to support services, Schey provided direct legal representation to these
youth and assisted them in seeking legal status, primarily by obtaining SIJ status.
Schey Dec. ¶ 7.

Third, litigating the underlying motion required extensive knowledge of
class action impact litigation, immigration policy, and immigrants' rights. In
addition to directly representing youth and to his experience as class counsel,
Schey is President of the Center for Human Rights and Constitutional Law
Foundation, which is a state-bar-funded Support Center that provides resources,
support, and training to qualified legal service providers across California. He also
works closely with immigrant rights organizations and service providers across the
country. In this role, Schey has constant contact with legal service providers

Memorandum of Law in Support of Motion for
Attorney's Fees

9

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

working directly with immigrants, providing him with specialized, unique knowledge about the circumstances and needs of immigrant youth. Schey Dec. ¶ 6.

In 2019, over Defendants' objections, the Central District of California awarded enhanced attorney's fees at a rate of $950 per hour to class counsel Schey, finding "The increased rate is in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Flores v. Barr*, 2019 U.S. Dist. LEXIS 221981, *14, 2019 WL 7171539 (C.D. Cal. 2019) (internal citations omitted). Since 2019, market rates have risen, and Plaintiffs request a reasonable increase in fees, around four percent per year, "below the cost-of-living increases over that same time and far below the annual rate increases applied by attorneys of comparable skill, experience and reputation in the Los Angeles legal market as demonstrated by" the Declaration of Carol Sobel and attached exhibits. Exhibit 5, Dec. of Carol Sobel ("Sobel Dec.") ¶ 28.

ii.     <u>Other Qualified Attorneys are Not Available.</u>

Further, few, if any, other lawyers in the country could or would have brought a complex federal class action motion on behalf of a class of indigent, non-English-speaking minors at the inflation-adjusted EAJA rate. Schey Dec. ¶ 10. Market rates for lawyers with skills and experience comparable to plaintiffs' class counsel are in the range of $1,045 to $1,525 hourly. Sobel Dec. ¶ 38. Law firms such as Jones Day and Skadden charged $1,000 to $1,600 in 2022. *In re LTL Management, LLC*, U.S. Bankruptcy Court of New Jersey, Case 21-30589-MBK, ECF 2324, May 20, 2022.

These factors warrant the Court's awarding attorney's fees at rates "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Nadarajah, supra*, 569 F.3d at 916.

Memorandum of Law in Support of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Plaintiffs accordingly seek $ in fees for senior class counsel Schey as set forth in Exhibit 2 at his market rate of $1,100 per hour for hours worked in 2021; $1,200 per hour for hours worked in 2022; and $1,300 per hour for hours worked in 2023. As the district court recently held in *Flores*, "[t]he increased rate is 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Exhibit 4, November 12, 2019 Order at 5, *quoting Nadarajah*, 569 F.3d at 916 (*quoting Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)); *see also Am. Motion for Fees*, Ex. 5 (Sobel Decl.) at ¶¶ 11–33 [District Court Doc. # 550-1].

For the work of senior class counsel Peter Schey, Plaintiffs should be awarded fees at an "enhanced" EAJA, or market, hourly rate described above. Exhibit 1C (Schey Hours 2021, 17.65 [$19,415]; 2022, 171.92 [$206,304]; and 2023, 151.45 [$196,885]).

These fees together yield a request of $422,604 for the work of Peter Schey and a total request of $607,885.43 in attorney's fees.

iii.   Plaintiffs' Attorneys' Fees Should Not be Reduced Because their Claims All Involved a Common Core of Facts and Legal Theories.

Generally, a lodestar reduction for unsuccessful claims is not warranted if the successful and unsuccessful claims all "involve a common core of facts or [are] based on related legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (superseded in part by the PLRA, relevant only to cases involving incarcerated litigants). "Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Id*.

Memorandum of Law in Support of Motion for Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

In determining whether claims are related, the Court also considers "whether the evidence concerning one issue was material and relevant to the other issues," whether the issues shared a "common core of facts," whether they sought "relief for . . . the same course of conduct," whether "the testimony presented overlapped" and whether "it seems unlikely that trial preparation time on the [multiple] claims could be separated." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141-42 (9th 1986).

Regarding related claims, "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id*. The underlying litigation sought timely adjudication of SIJ petitions as mandated by Congress in 8 U.S.C. § 1232(d) and prompt issuance of work authorization. The related claims shared a common core of facts – administrative record, legislative history, class member declarations, and evidence of untimely adjudication in dozens of cases supported both claims. The related claims sought relief for the same course of conduct – untimely adjudication. Plaintiffs simply and in good faith raised alternative legal grounds for that desired outcome.

### III.   CONCLUSION

For the foregoing reasons, this Court should award Plaintiffs attorney's fees and costs of $607,885.43 pursuant to 28 U.S.C. § 2412(d) as herein requested.

Date: January 11, 2024

Respectfully Submitted,

*/s/ Sarah Kahn*
Sarah Kahn
*Attorneys for Plaintiffs*

PETER A. SCHEY
SARAH KAHN

Memorandum of Law in Support of Motion for Attorney's Fees

12

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Center for Human Rights & Constitutional Law

CAMILA ALVAREZ
RUTH N. CALVILLO
LILIT MELKONYAN
CARECEN-LA (Central American Resource Center)

MARITZA AGUNDEZ
Coalition for Humane Immigrant Rights (CHIRLA)

STEPHANY ARZAGA
CYNTHIA HENNING
CLAUDIA QUINTANA
Legal Service for Children

STEPHEN ROSENBAUM
MARCOS PACHECO
La Raza Centro Legal, Inc.

ALEX HOLGUIN
Dream Act Lawyers

SILVIA AGUIRRE
The Aguirre Law Firm, APC

CRISTEL MARTINEZ
Law Offices of Martinez, Nguyen & Magana
JIM TOM HAYNES
Haynes Novick Immigration

GENEVIEVE AUGUSTIN
CARECEN-DC (Central American Resource Center)

*Attorneys for Plaintiffs*

Memorandum of Law in Support of Motion for Attorney's Fees

13

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, I served the foregoing **NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES** on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

*/s/Sarah Kahn*
 Sarah Kahn
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Counsel for Plaintiffs*

Memorandum of Law in Support of Motion for
Attorney's Fees

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693