UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA LIBRE FREEDOM HOUSE, et al., | Case No.: 2:22-cv-01510-ODW-JPR |
| Plaintiffs, vs. | **EXHIBIT 1: SETTLEMENT AGREEMENT** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al., | |
| Defendants. | |

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ALEXA WHITE
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 993-5189
Alexa.S.White@usdoj.gov
Fax: (202) 305-7000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA LIBRE FREEDOM HOUSE, et al., <br><br> Plaintiffs, <br> vs. <br><br> ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al., <br><br> Defendants. | Case No.: 2:22-cv-01510-ODW-JPR <br><br> **SETTLEMENT AGREEMENT AND RELEASE RELATING TO ATTORNEYS' FEES, EXPENSES, AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

# SETTLEMENT AGREEMENT AND RELEASE RELATING TO ATTORNEYS' FEES, EXPENSES, AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiffs Casa Libre Freedom House, El Rescate, Clergy and Laity United for Economic Justice, Salvadoran American Leadership & Educational Fund, Central American Resource Center, La Raza Centro Legal, Inc., Rene Gabriel Flores Merino, Hildner Eduardo Coronado Ajtun, Carlos Abel Hernandez Arevalo, Axel Yafeth Mayorga Aguilera, Rene Isai Serrano Montes, and Pamela Alejandra Rivera Cambara (collectively, "Plaintiffs") on behalf of themselves and the certified class, as well as Defendants, Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("DHS"), Ur M. Jaddou, Director of United States Citizenship and Immigration Services, and U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants"), by and through their respective counsel, hereby stipulate and agree as follows:

## I. RECITALS

**WHEREAS**, on March 7, 2022, Plaintiffs, on behalf of themselves and others similarly situated, filed a Complaint (ECF No. 1) seeking injunctive and declaratory relief. First, Plaintiffs asserted an equal protection claim challenging USCIS's employment authorization policy for Special Immigrant Juvenile ("SIJ") petitioners. Second, Plaintiffs asserted a claim under the Administrative Procedure Act ("APA") alleging that USCIS routinely delays adjudication of SIJ petitions and that its tolling provisions violated the 180-day adjudication deadline set forth in 8 U.S.C. §1232(d)(2).

**WHEREAS**, on October 26, 2022, the Court granted in part and denied in part Defendants' Motion to Dismiss (ECF No. 48), dismissing Plaintiffs' equal protection claim, but denying dismissal as to Plaintiffs' APA claim;

**WHEREAS**, on May 25, 2023, the Court granted in part and denied in part Plaintiffs' Renewed Motion for Class Certification (ECF No. 91). For purposes of Plaintiffs' tolling provision claim only, the Court certified a nationwide class of:

> All Special Immigrant Juvenile petitioners, except as to members of the certified class in the case entitled *Moreno-Galvez v. Cuccinelli*, Case No. C19-0321RSL (U.S. District Court for the Western District of Washington), who have submitted or will submit Petitions for Amerasian, Widow(er), or Special Immigrant (Form I-360) ("SIJ

Petitions") with the USCIS, and whose SIJ Petitions were not or in the future are not adjudicated within 180 days of being filed, including but not limited to petitioners who were issued a Request for Evidence or a Notice of Intent to Deny causing delay in the processing of their SIJ Petitions pursuant to 8 C.F.R. § 204.11(g)(1);

**WHEREAS,** on July 31, 2023, the Court granted in part and denied in part Plaintiffs and Defendants' respective Motions for Summary Judgment (ECF No. 110). The Court declared that USCIS's tolling provisions violated 8 U.S.C. §1232(d)(2) and the APA to the extent the tolling provisions allowed USCIS to adjudicate SIJ petitions beyond 180 days, but denied Plaintiffs' request for injunctive relief and granted summary judgment in favor of Defendants on Plaintiffs' claim that USCIS routinely delays adjudication of SIJ petitions;

**WHEREAS**, on August 15, 2023, the Court issued final judgment, and Defendants and Plaintiffs filed notices of appeal to the Ninth Circuit Court of Appeals on October 13, 2023, and October 25, 2023, respectively;

**WHEREAS**, on December 12, 2023, the Ninth Circuit Court of Appeals dismissed the cross-appeals pursuant to Plaintiffs and Defendants' stipulation of dismissal (Dkt. No. 10.1);

**WHEREAS**, on January 11, 2024, Plaintiffs filed a Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act ("EAJA"); and

**WHEREAS**, Plaintiffs and Defendants, through their respective counsel, have conducted arms-length settlement negotiations regarding a compromise and settlement of Plaintiffs' Motion for Attorneys' Fees and Costs under EAJA.

**NOW, THEREFORE**, subject to the Court's approval as required herein and pursuant to Federal Rule of Civil Procedure 23(h), and in consideration of the mutual promises set forth below, the Parties agree as follows:

## II. DEFINITIONS

As used in this Settlement Agreement and Release and its implementation and enforcement, the following capitalized terms shall have the meanings set forth below.

1. "**Action**" means *Casa Libre Freedom House, et al. v. Mayorkas, et al.*, 2:22-cv-01510-ODW-JPR (C.D. Cal.).

2. "**Agreement**" means the Settlement Agreement and Release Relating to Attorneys' Fees, Expenses, and Costs, to be filed in this Action.

3. "**Class**" and **"Class Members"** mean all SIJ petitioners who meet the class definition as set forth in the Court's Order Granting in Part and Denying in Part Plaintiffs' Renewed Motion for Class Certification (ECF No. 91) and restated in the recitals above.

4. "**Court**" means the United States District Court for the Central District of California, Hon. Otis D. Wright, II presiding.

5. "**Defendants**" means Alejandro Mayorkas, in his official capacity as Secretary of the United States Department of Homeland Security, Ur M. Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services, and U.S. Citizenship and Immigration Services.

6. "**Defendants' Counsel**" means all attorneys who represent Defendants in this Action.

7. "**Final Approval**" means the issuance of a written order by the Court approving the Agreement pursuant to Rule 23(h) of the Federal Rules of Civil Procedure.

8. "**Motion**" means Plaintiffs' Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act, all exhibits attached thereto and declarations filed in support, (ECF Nos. 122–124).

9. "**Parties**" means Plaintiffs and Defendants, as defined herein.

10. "**Plaintiffs**" means, Casa Libre Freedom House, El Rescate, Clergy and Laity United for Economic Justice, Salvadoran American Leadership & Educational Fund, Central American Resource Center, La Raza Centro Legal, Inc., Rene Gabriel Flores Merino, Hildner Eduardo Coronado Ajtun, Carlos Abel Hernandez Arevalo, Axel Yafeth Mayorga Aguilera, Rene Isai Serrano Montes, Pamela Alejandra Rivera Cambara, and Class Members, as well as their heirs, successors, attorneys, agents and assigns.

11.  "**Plaintiffs' Counsel**" means all attorneys, as well as their heirs, successors, agents and assigns, who currently represent and/or previously represented Plaintiffs in this Action. Should any of the organizations involved in representing Plaintiffs change names or merge with other entities, or should new counsel replace the current named attorneys, that new entity and/or attorneys shall also qualify as Plaintiffs' Counsel.

### III. TERMS OF SETTLEMENT

1. **Defendants' Consideration.** After Final Approval of the Agreement, the withdrawal of Plaintiffs' Motion and supporting documents within five (5) business days of the final approval of this Agreement, and USCIS's receipt of all necessary payment information from Plaintiffs' Counsel, Defendants shall pay $350,000.00 in full settlement, satisfaction, and release of any and all claims by Plaintiffs and Plaintiffs' Counsel for costs, attorneys' fees, and litigation expenses incurred in connection with the Action. The payment will be made by electronic funds transfer in accordance with payment information provided to Defendants' Counsel by Plaintiffs' Counsel, and under the normal processing procedures followed by the Department of the Treasury.

2. **Waiver and Release.** In exchange for and effective upon receipt of payment of the amount agreed upon in Paragraph 1 of this Section, Plaintiffs and Plaintiffs' Counsel shall release Defendants from any and all claims by Plaintiffs and Plaintiffs' Counsel for or arising from attorneys' fees for work that has been performed or payment or reimbursement of expenses or costs that have been incurred in connection with this Action. This release encompasses claims under EAJA and any other basis for seeking payment of fees and expenses that have been incurred in the Action, including fees and costs expended in reaching this Agreement.

3. **No Admission of Wrongdoing, Liability, or Facts.** The Parties further agree that neither this Agreement nor payment of the amount agreed upon in Paragraph 1 of this Section shall constitute a concession by Plaintiffs, Plaintiffs' Counsel, or Defendants as to: (a) the hourly rates that Plaintiffs' Counsel are entitled to; (b) the reasonable market rates for attorneys with similar experience and/or expertise as Plaintiffs' Counsel; (c) whether Plaintiffs' Counsel are entitled to rates exceeding the Statutory Maximum Rates Under EAJA established by the Ninth Circuit; (d) Plaintiffs' entitlement to attorneys' fees and other litigation costs and expenses, including any fact upon which Plaintiffs' Counsel have based any statements for fees and costs

in their Motion and supporting documents (ECF Nos. 122–124); (e) any point of law, including but not limited to those concerning Plaintiffs' Motion; or (f) any alleged fact, wrongdoing, misconduct, or liability on the part of the United States, its officers, or any person affiliated with it.

4. **Prohibited Use of This Agreement in Future Litigation.** Neither Defendants nor Plaintiffs nor their Counsel may cite to, offer, rely on, or otherwise refer to this Agreement, as evidence of entitlement to attorneys' fees or costs; reasonable attorney rates; market rates for attorneys, paralegals, or other staff; concession of liability or wrongdoing; or for any other reason, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement.

5. **Approval Procedure.** This Agreement is subject to and contingent upon Court approval under Rule 23(h) of the Federal Rules of Civil Procedure. As soon as practicable after the execution of this Agreement, the Parties shall file a Joint Motion for an order: (a) granting preliminary approval of this Agreement and (b) approving the form of notice to Class Members. *See* Fed. R. Civ. P. 23(h). If the Court rejects this Agreement, in whole or in part, or otherwise finds that the Agreement is not fair and reasonable, the Parties agree to meet and confer to work to resolve the concerns articulated by the Court and modify the Agreement accordingly. As soon as practicable after the Court issues the preliminary approval order, the Parties shall each effectuate notice to Class Members in English and Spanish—the Defendants by posting a copy of the Notice on the USCIS website, and the Plaintiffs by posting a copy of the Notice on Plaintiffs' counsel's website.

6. **Final Approval.** This Agreement shall be subject to the Final Approval of the Court. The Parties shall cooperate in presenting this Agreement to the Court for Final Approval, including at any hearing it determines necessary under Fed. R. Civ. P. 23(h). If a hearing is scheduled for the Final Approval of the settlement pursuant to Federal Rule of Civil Procedure 23(h)(3), the Parties shall jointly move for Final Approval of this Agreement. If the Court grants Final Approval, the Parties stipulate that this Agreement shall not be construed as a consent decree or its equivalent. If the Court does not grant Final Approval, this Agreement shall be null and void, and nothing herein will prejudice the position of any Party with respect to the Action or otherwise, and neither Plaintiffs, Plaintiffs' Counsel, Defendants, or Defendants' Counsel may refer to the existence of this Agreement, nor any of its terms,

nor any of the negotiations or proceedings connected with it, for any purpose in the Action or in any other proceeding.

7. **Meet and Confer Requirement.** If any of the Parties intend to enforce this Agreement by filing a claim, the Party seeking enforcement shall meet and confer in good faith with the other Parties before filing a claim or action in any court. The Party seeking to enforce this Agreement shall provide the other party at least 30 days after the meet and confer to remedy the alleged breach before seeking any type of court intervention.

8. **Integration**. This Agreement is the entire agreement between the Parties. All prior conversations, meetings, discussions, drafts and writings of any kind are superseded by this Agreement.

9. **Rules of Construction.** The Parties agree that their respective attorneys jointly drafted this Agreement. Accordingly, the Parties hereby agree that all rules of construction to the effect that ambiguity is construed against the drafting party are inapplicable in any dispute concerning the terms, meaning, or interpretation of this Agreement.

10. **Knowing and Voluntary Agreement.** The Parties acknowledge that they have read this Agreement and enter into it knowingly and voluntarily, of their own free act and deed. The Parties acknowledge that they have evaluated the claims and contentions regarding fees, expenses, and costs, as well as the risks of continued litigation. The Parties, after considering the risk, delay, and the costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable.

11. **Offsets.** Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and Plaintiffs are executing this Agreement without reliance on any representation by Defendants as to the application of any such law.

12. **Execution of Agreement.** The undersigned representatives of the Parties certify that they are fully authorized by the Party they represent to enter into and execute the terms and conditions of this Agreement. This Agreement becomes effective on the date as of which all Parties have executed this Agreement. Facsimiles and PDF versions of signatures are acceptable, binding signatures for purposes of this Agreement, have the same force and

effect as original signatures, and are equally admissible in any proceeding to enforce this Agreement as though an original.

13. **Confidentiality**. No part of this Agreement is or will be considered confidential by the Parties.

[SIGNATURE PAGE FOLLOWS]

**SO AGREED:**

FOR PLAINTIFFS:

Dated: July 3, 2024          /s/ Sarah Kahn
                             SARAH KAHN
                             Center for Human Rights & Constitutional Law
                             256 South Occidental Blvd.
                             Los Angeles, CA 90057
                             Telephone: 415-672-1962
                             Email: sarah@centerforhumanrights.org

FOR DEFENDANTS:

Dated: July 3, 2024          WILLIAM C. PEACHEY
                             Director, District Court Section
                             Office of Immigration Litigation

                             SARAH L. VUONG
                             Assistant Director
                             WILLIAM H. WEILAND
                             Senior Litigation Counsel
                             KATELYN MASETTA-ALVAREZ
                             Trial Attorney


                              /s/ Alexa White
                             ALEXA S. WHITE
                             Trial Attorney
                             District Court Section
                             Office of Immigration Litigation
                             P.O. Box 868, Ben Franklin Station
                             Washington, D.C. 20044
                             Telephone: (202) 993-5189
                             Email: Alexa.S.White@usdoj.gov